MERCHANTS' & PLANTERS' OIL COMPANY v. W. M. SEELIGSON.

(No. 2936.)

APPEAL from Goliad County.  Opinion by WHITE, P. J.

BROWN & BURNS, counsel for appellant.

D. D. CLAIBORNE, counsel for appellee.

§ 206. *Venue of suit against a private corporation, etc.; case stated.*  Seeligson sued the oil company in justice's court, precinct No. 1, Goliad county, Texas, for

the value of certain cotton seed sold and shipped by him to said company. His cause of action was a verified account. Appellant, the oil company, pleaded in abatement their special privilege to be sued in Harris county, the county of its residence, or where it was doing business; that it had no agent in Goliad county, and had made no contract for payment in said county. This plea in abatement was overruled both in the justice's court and the county court, and judgment was rendered in each of said courts in favor of appellee, Seeligson, and the oil company has appealed the case to this court. The only question on this appeal is as to the correctness of the ruling of the county court upon appellant's plea in abatement of special privilege to be sued in Harris county. By section 10, article 1556, Revised Statutes, it is provided that "suits against private corporations, associations and joint-stock companies may be brought in any county and precinct in which the cause of action or a part thereof arose, or in which such corporation, association or company has an agency or representation, or in which its principal office is situated." In this case the question is, where and when did the cause of action arise? Recurring to the facts in the record, we find that the oil company wrote Seeligson, before he shipped the cotton seed: "We will be glad to handle your shipments, and beg to quote you $9 per ton good crop seed, f. o. b." Seeligson's contract was complete, and the cause of action accrued as soon as he loaded the cotton seed f. o. b. on the cars. Under the statute and the evidence the suit was properly brought in justice's precinct No. 1, Goliad county, and the court did not err in overruling appellant's plea in abatement to be sued in Harris county.

January 31, 1891.                              Affirmed.