(72 N. W. Rep. 1088.)

---

THE NICHOLS & SHEPARD COMPANY *vs.* EDWARD STANGLER.

Opinion filed October 18th, 1897.

**Review of Questions of Fact When Findings Waived.**

> In a case tried in the District Court under the provisions of section 5630 of the Revised Codes, and brought to this court on appeal, this court will not retry issues of fact in a case where findings of fact are waived below, and never filed in that court. Said section, in connection with section 5467, Id., requires the settlement of a statement of the case embracing specifications the same as in jury cases.

**Objections to Evidence—How Treated on Appeal.**

> Objections to evidence noted in the court below and preserved in a statement will be reviewed in this court only in a connection with a re-trial of the issues of fact, and will not be reviewed as errors merely, as is done in jury cases.

**Specifications and Assignments of Error.**

> In cases tried under said sections, specifications of error in the statement and assignments of error in this court will be required as in other cases.

Appeal from District Court, Cass County; *McConnell*, J.

Action by the Nichols & Shepard Company against Edward Stangler, in which Joseph Miller was allowed to intervene. From a judgment in favor of intervener, plaintiff appeals.

Affirmed.

*Morrill & Engerud*, for appellant.

*Newman & Spalding*, (*John O. Hanchett*, of counsel), for respondent.

WALLIN, J.   The only question before us for decision upon the record in this case is presented by a motion made in behalf of the respondent. It is this: Can this court consider the evidence embodied in the statement and printed in the abstract for the purpose of reviewing the facts? Counsel for the appellant contends that the case was tried as a court case in the District Court, and hence tried under section 5630 of the Revised Codes. This is not conceded by counsel for the respondent. But we deem it unnecessary to consider this question, and shall, for the purposes of the motion, assume that the case was regularly tried as a court case, under section 5630, *supra*. If it was in fact tried as a jury case, it is conceded by the appellant that the record does not permit an examination of questions of fact in this court. At the close of the case, findings of fact were waived by counsel, and none were ever made by the trial court. Certain conclusions of law were filed by the trial court, and a judgment directed to be. entered in favor of the respondent, and such judgment was thereupon entered. The appeal is from this judgment. A statement of the case was settled, and appended thereto were certain specifications of error. The first eight of such specifications relate wholly to matters of fact, and undertake to point out wherein the evidence is insufficient to "justify the conclusions of law and judgment in this case." Following these were seven specifica-

tions of error, which plaintiff, in its brief, denominates " errors of law." An examination of these alleged errors of law discloses that they are all predicated upon the rulings of the trial court admitting testimony which plaintiff claims should have been excluded. These alleged errors of law, however, in the view we have taken of the case, are wholly immaterial, and cannot be considered in any aspect of the record, for the reason that none of such errors are assigned as errors in the brief of appellant's counsel filed in this court. The only errors assigned in this court are as follows: First, the conclusions of law are not justified by the evidence; second, it was error to order judgment for the intervener; third, it was error to enter judgment against the plaintiff. It must not be inferred from what has been said that this court would rule upon the errors of law predicated upon rulings upon the admissibility of evidence in the court below, if such rulings had been regularly assigned as errors in this court. Under section 5630, such rulings cannot be reviewed or made the basis of reversing the case for error, as could be done in a jury case. In this class of cases this court does not sit as a court of errors. On the contrary, we are required in such cases to try the case anew upon all the evidence offered below. In this class of cases objections to evidence may be " noted," and thereafter preserved in a statement, if the case is appealed. In this court such objections would only be considered in connection with a new trial of the facts, and for the sole purpose of considering whether evidence so objected to was admissible under common-law rules of evidence. If inadmissible, such evidence will be rejected in deciding the case here; otherwise it will be considered. But in no event will mere rulings upon evidence below, however erroneous, furnish a basis for an order reversing the case, if the evidence itself is embraced in the record sent to this court. In the case at bar we cannot enter upon the consideration of the alleged errors below in admitting testimony, because the record does not permit this court to enter upon a new trial of the issues. Upon this

record we cannot examine the issues of fact tried in the court below, because no findings of fact were ever made below.

This brings us to the pivotal question presented by the motion. Respondent contends that we are debarred from a trial of the issues of fact anew, and, consequently, from a re-examination of the evidence contained in the record. This contention must be sustained. Section 5630 declares: "For the purpose of reviewing upon appeal questions as to the sufficiency of the evidence to sustain the findings of fact in any action tried under the provisions of this section a statement of the case may be prepared and settled within the time and in the manner provided in article 8 of chapter 10 of this Code." Turning back to the section referred to (now section 5467, Rev. Codes), we find the following language: " There shall be incorporated in every such statement a specification of the particulars in which the evidence is alleged to be insufficient to justify the verdict or other decision," etc. It is well settled that the phrase " other decision " has reference to findings of fact, and does not refer to the judgment, and entirely settles that specifications of errors of fact which are leveled at the judgment only are futile, and will be ignored. The section last cited is explicit on the point. It declares, " If no such specification is made, the statement shall be disregarded on motion for a new trial and on appeal." See, also, *Coveny* v. *Hale*, 49 Cal. 552; *Moyes* v. *Griffith*, 35 Cal. 556; *Investment Co.* v. *Boyum*, 3 N. D. 538, 58 N. W. Rep. 339; *O'Brien* v. *Miller*, 4 N. D. 308, 60 N. W. Rep. 841; *Hostetter* v. *Elevator Co.*, 4 N. D. 357, 61 N. W. Rep. 49; *First Nat. Bank* v. *Merchants Nat. Bank*, 5 N. D. 161, 64 N. W. Rep. 941; *Schmitz* v. *Heger*, 5 N. D. 165, 64 N. W. Rep. 943. Being precluded by the condition of the record—*i. e.* by the entire absence of findings of fact—from proceeding to retry the case in this court under the provisions of the statute, we are likewise, and for the same reason, precluded from any review of the rulings, if they may be styled rulings, upon the admission of evidence below of which the appellant now complains. As has been seen, such rulings or " objections " become important only upon a trial anew in

this court.   The errors actually assigned in the brief of appellant's counsel are leveled at the conclusions of law and the judgment entered below, and it is conceded that these specifications must fall unless this court shall retry the case, and upon such retrial take a different view of the facts and evidence from that taken by the trial court.   As we cannot try the case anew, it follows that the judgment below must stand, and said judgment will therefore, in all things, be affirmed.   All the judges concurring.

### ON PETITION FOR REHEARING.

The petition for a rehearing in this case is denied upon the ground that the points urged in the petition are, in substance, the same as those adjudicated in the decision, and hence were fully considered by the court before its opinion was handed down.   The rule permitting petitions for rehearings is intended to afford an opportunity of directing the attention of this court to some fact, rule, or legal principle overlooked by the court in deciding the case, and was not intended to give counsel an opportunity to present an *ex parte* reargument upon the questions considered and disposed of in deciding the case.   Among the statements made in the petition are the following:   " In equity cases, however, the appellate court sits, not as a court merely for the correction of errors of law, but it must retry the case on the facts.   In such cases findings of fact are not required, and are not customary. They are absolutely of no use.   They are not binding on the appellate court if made, and in fact are entirely disregarded.   The appellate court tries the case *de novo*, and disposes of it finally, if all the evidence is before it.   Such was the practice in all the states before the adoption of the code, and is still the practice in the United States courts, and in those states which have not adopted the code practice."   In our judgment, it is more than probable that an examination of the early chancery practice on appeals would be of little aid to the bar of this state in seeking to understand. the anomolous practice inaugurated by the recent statutes which have attempted to regulate trials and appeals in cases at law and in equity tried in the District Courts of this state without a jury.

We shall not attempt any comparisons of systems so widely asunder, but will simply direct attention to some of the more obvious differences between the two systems.

First. The chancery system proper embraced only suits where equitable relief was sought, while the system of procedure introduced in this state by the act of 1893 (see chapter 82, Laws 1893) applies to cases at law as well as those in equity. Again, in the chancery practice there was no system of express findings of fact and law which is denominated a "decision" in the code states. This salutary and well digested system of express findings, and which discarded all implied findings, was not disturbed by the statute of 1893, except in one particular. That statute declared (section 1) that "no exception need be taken on findings of fact made." The language in terms clearly perpetuates the system of express findings. Besides, the act did not, in terms, repeal the statute which requires findings to be filed preliminary to the entry of judgment. In chancery no application for a new trial was ever made to the court of original jurisdiction. This was not the case under the reformed procedure which obtained in all the code states, and prevailed here prior to 1893; nor did that enactment in terms either repeal or refer to any of the pre-existing statutes regulating applications for new trials. Indeed, it is a problem only too familiar (and one much discussed at the bar and in the courts of this state since the act of 1893 was passed), whether that act was ever intended to repeal any feature of the laws of the state which govern motions for new trials. In the very case we are discussing the distinguished counsel for the respondent insisted in his argument before this court that the act of 1893 did not, as originally passed, or as amended in 1895, repeal any part of the law regulating new trials, but, on the contrary, counsel contended that such laws were available in court cases, and could be resorted to by suitors according to the exigencies of their cases. Other advisers of this court have strenuously contended that the right to move for a new trial in court cases was materially curtailed, but was not wholly destroyed, by the act of

1893. If either of these constructions of the statute are correct, then the innovations upon the practice which have resulted from the act in question, whatever they may be, do not operate to re-introduce that ancient and venerable system vaguely known as the "chancery practice." In fact, the old system of conducting suits for equitable relief has been deliberately discredited in all the code states, and, with the full approval of the most eminent members of the profession, has been superseded by the code system, which system, after many years of trial, has fully vindi-cated the wisdom of its founders. However this may be, there can be no room for doubt, under the amended statutes embraced in section 5630, Rev. Codes, that on appeal in a court case the evidence adduced at the trial can only be reviewed in that partic-ular mode pointed out by that section, and in other portions of the code expressly referred to in that section. Nor can this court permit counsel, at their election, by merely waiving findings of fact, to inaugurate another and wholly unwarranted and unfamiliar method of investigating questions of fact arising upon the evidence. The statutory method is clear and unambiguous, and we are not permitted, upon suggestion of counsel, to disregard that method, and resort to some other. Nor do we agree with counsel in his assumption that in cases retried in this court find-ings of fact " are of no use." In this class of cases, as much as under the system displaced by the act of 1893, it will, in our judgment, aid both court and counsel to have the real points at issue sifted out in advance, and enucleated in the manner carefully pointed out in the code. If counsel are early advised upon the the specific points to be discussed in the court of last resort, they are likely to be in a better position to intelligently advise this court with respect to its duties. Besides, there is often great ad-vantage resulting from knowing just what view was taken of the facts and the evidence in the trial court. In equity cases, when tried *de novo* in an appellate court, the view taken below of ques-tions of fact arising upon the evidence was not ignored in the court of review. Where evidence was evenly balanced, or nearly

so, a doubtful scale would always turn in favor of that view of the evidence which was adopted below; and this rule rested upon the well known fact that the trial court has facilities for weighing the testimony which a reviewing court cannot have. This rule was examined and applied by this court in *Jasper* v. *Hazen*, 4 N. D. 1, 58 N. W. Rep. 454.

(72 N. W. Rep. 1089.)