(81 N. W. Rep. 52.)

---

MICHAEL ERICKSON, *et al. vs.* CITIZEN'S NATIONAL BANK.

Opinion filed November 14, 1899.

**Jury Trial—Both Parties Move for Verdict by Direction—Waiver.**

> This is an action to recover money only. A jury was sworn, and after all the evidence had been submitted, and the case was rested on both sides, the defendant requested the trial court to direct a verdict in his favor. This was denied, and defendant excepted to the ruling. The plaintiffs then requested a directed verdict in their favor. The trial court, without ruling on plaintiffs' request, discharged the jury. The court subsequently made findings of fact and law, and judgment was entered in plaintiff's favor, from which the defendant appeals to this court. No exception was taken to the discharge of the jury, and no error is assigned in this court based on such discharge. *Held,* that counsel have waived a jury trial, and consented by their silence to a trial by the court, and hence that the trial and appeal must be governed by chapter 5 of the Laws of 1897.

**Retrial—Statement of the Case—Rulings on Evidence—Specifications of Particulars.**

The statement of the case embodies specifications of alleged errors of law arising upon rulings of the court below upon the admission of testimony, and also a specification based upon the refusal of the trial court to direct a verdict in defendant's favor. The statement further embrace specifications of particulars wherein the appellant claims that the respective findings of fact are not justified by the evidence. But the statement of the case contains no declaration, as required by said act of 1897, to the effect that the appellant desires a review of the entire case in the Supreme Court; nor does the statement embrace a specification of any fact or facts which appellant desires this court to review. *Held* that, by reason of said omissions in the statement of the case, this court cannot retry either the entire case, or any particular fact in the case, de novo. *Held*, further, that in such cases this court does not sit as a court of review, to correct errors arising upon rulings of the District Court upon the admission of evidence. Such rulings will only be passed upon in connection with a retrial in this court. Nichols & Sheppard Co. v. Stangler, 7 N. D. 102, 72 N. W. Rep. 1089, followed.

**Findings Unsupported by Evidence—Cannot be Set Aside—When.**

*Held*, further, that said specification of particulars in which defendant claims that the findings of fact are without support in the evidence are superfluous, under said statute, and confer no authority upon this court to retry the case, or any fact in the case, anew. Such specifications appertain to jury cases, but not to cases tried to the court. Bank v. Davis, 8 N. D. 83, 76 N. W. Rep. 998, followed.

**Error Waived by Consenting to Withdrawal of the Jury.**

*Held*, further, that the refusal of the trial court to direct a verdict in defendant's favor, if error, was waived by counsel in consenting to the discharge of the jury and to a trial before the court.

**Where Abstract Does Not Show Jurisdiction the Record will be Explored to Determine the Fact of Jurisdiction.**

The appellant's abstract stated, in general terms, that defendant appealed from the judgment of the District Court to this court, and contained a copy of such judgment, but omitted to state, as required by rule 13 of the amended rules of this court (6 N. D. xviii), that such appeal was taken by serving and filing a notice of appeal and supersedeas bond. A motion to dismiss the appeal on the ground that the abstract failed to show on its face that an appeal to this court had been perfected was made in this court, and was denied. The abstract was faulty, for the reasons stated; but, in questions affecting the jurisdiction of this court, we shall, when necessary, explore the record proper. In this case no claim is made that the appeal itself was irregular.

Appeal from District Court, Richland County; *Lauder,* J.

Action by Michael Erickson and Jacob Erickson against the Citizens' National Bank. Judgment for plaintiffs, and defendant appeals.

Affirmed.

*McCumber & Bogart,* for appellant.

*Freerks & Freerks,* for respondents.

WALLIN, J. This is an action at law for the recovery of money, in which an issue of fact was joined. At the trial a jury was sworn, and the evidence of the plaintiffs was submitted in the presence of the jury, whereupon the plaintiffs rested their case. The defendant, by its counsel, then requested the trial court to direct a verdict in defendant's favor. This motion was denied, and defendant, by its counsel, took exception to such ruling. After the defendant had rested its case, another motion for a directed verdict was made in defendant's behalf, upon certain grounds. This motion was also denied, and the defendant saved an exception to the ruling, whereupon the plaintiffs, by their counsel, requested the court to instruct the jury to return a verdict for the plaintiffs. So far as shown by the abstract filed in this court, there was no ruling made in the District Court upon plaintiffs' motion for a directed verdict. The statement next appearing in the abstract is as follows: "The court then discharged the jury." It also appears that the trial court thereafter filed its findings in the case, embracing thirteen findings of fact and two conclusions of law, and pursuant to which a judgment for $416 was entered in plaintiffs' favor. Counsel for defendant has attacked each of the findings of fact, except the first, and has caused to be incorporated in the satement of the case specifications, embracing particulars, in which each of said findings of fact is claimed to be unsupported by the evidence. The abstract further contains numerous specifications of alleged errors of law which appertain to rulings made at the trial upon the admission of evidence; and to these are added specifications of error based upon the rulings of the trial court before referred to, and whereby that court denied the defendant's request for a directed verdict. Finally the defendant's counsel adverts to the fact that the trial court dismissed the jury, and specifies such action as error. All or nearly all of said specifications of error are assigned as error in the brief of appellant's counsel filed in this court, but counsel omit to assign error predicated upon the dismissal of the jury. In this court, counsel for the respondents have made a preliminary motion to dismiss the appeal, and bases the same upon the following staatement in the appellant's abstract: "On the 20th day of April, 1899, appeal was taken from said judgment by said defendant to the Supreme Court of said State." Counsel criticise this statement on the ground that it omits to state that the appellant served a notice of appeal, and thereafter filed such notice with the clerk. We cannot sustain the motion. It is not based upon an allegation or claim that no notice of appeal was ever served or filed; nor do counsel claim that the record proper does not show all details essential to taking an appeal, or in making the same effectual. Statements in the record should be abridged in the abstract, and we are of the opinion that the statement referred to sets forth the essential fact of an appeal from the judgment. The abstract should show the fact of appeal, and what the appeal is from,—whether from an order or a judgment. This abstract sets out the judg-

ment, and shows that the appeal is taken from such judgment. It is faulty only in omitting to state the details as to giving the notice and the undertaking on appeal, as prescribed by rule 13 of the amended rules of practice (6 N. D. xviii, 74 N. W. Rep. viii). But this court has not declared by any rule that it will dismiss an appeal on the ground that the abstracts are faulty in some matter of detail only. Upon jurisdictional questions, this court, if compelled to do so, will explore the record to ascertain the truth. In this case we shall not have occasion to do so in deciding this motion, for the reason that no claim is made that the appeal was not regularly taken in all respects.

At the threshold of this case we are confronted with a novel question of procedure. What is the status of the case in this court, and, under the established procedure, what are the duties which this court is required to perform with reference to the case? Upon the record, are we to sit merely as a court of review for the correction of errors assigned in the brief of the appellant's counsel, or should we sit as a trial court, and retry the entire case *de novo* upon the facts and merits? As has been seen, the facts presented are anomalous; nor are the questions of practice we have suggested entirely clear, and easy of solution. We will first inquire whether we can try the case anew in this court. If we can, our authority to do so will be found in section 5630 of the Revised Codes, as amended by chapter 5 of the Session Laws of 1897. That section controls all cases tried in the District Court without a jury in which an issue of fact is joined. An issue of fact was joined in this case. In cases tried under said section which are brought to this court, the statute requires that a statement of the case shall be settled, and that the appellant "shall specify therein the questions of fact that he desires the Supreme Court to review;" and, further, that, "if the appellant shall specify in the statement that he desires to review the entire case, all the evidence and proceedings shall be embodied in the statement." In *Bank* v. *Davis,* 8 N. D. 83, 76 N. W. Rep. 998, this court had occasion to construe these provisions of the amended statute, and there held, in effect, that the statement of the case must contain specifications as stated above, and, when devoid of all such specifications, that this court could not lawfully try a case anew. This rule was applied in a case decided at the present term. See *Ricks* v. *Bergsvendsen,* 8 N. D. 578, 80 N. W. Rep. 768. In the case of *Bank* v. *Davis,* supra, we further held, in effect, in cases tried under the amended statute, that only such specifications as are required by chapter 5, Laws 1897, should be embraced in the statement of the case, and in such cases all specifications required by other sections of the statute are superseded by the act of 1897. Turning to the case at bar, we find that the statement of the case embodies no declaration to the effect that the appellant desires "to review the entire case" in this court; nor does the statement contain a specification of any fact or facts which the appellant desires this court to review. The record being

barren of any such declaration or specification, we are, under authority of the cases cited, compelled to hold that we cannot retry the entire case, nor can we retry any particular question of fact in the case. In this holding we do not ignore either the findings of fact or the exceptions thereto as contained in the statement of the case; but, as has been seen, such exceptions are wholly superfluous, and their presence in the record cannot operate to confer jurisdiction upon this court to retry the case upon the evidence. The exceptions to the findings of fact are incorporated in the record for the obvious purpose of specifying the particulars in which the appellant claims the evidence does not support the findings. Such is their language, and they would be entirely appropriate in a case tried by a jury, and afterwards brought here for review of the facts and verdict, with reference to the evidence, for the purpose of correcting errors. We are therefore required by the record to determine whether, under the existing laws of procedure· and practice, we can sit as a court of review for the correction of errors. We certainly can do so if the action was tried to a jury, and whether or not this action was so tried must be gathered from the record as a question of fact. After a careful study of the record, we are constrained to hold that the case was not tried by a jury. It is certain that the record contains no verdict, and equally so that it appears that no verdict of any kind was returned by the jury into court. It is also clear that the judgment entered is based upon findings of fact made by the court upon the issues involved, and that such findings purport to be based upon the evidence in the record. It therefore conclusively appears that the issues involved were not determined by a jury, and, despite the complicated questions of practice which the record presents, we are compelled, under the law, to hold that the case was tried to the court. Being tried to the court, the evidence can be reviewed in this court only for the purposes of a trial *de novo*. This point was distinctly ruled in *Nichols & Shepard Co.* v. *Stangler,* 7 N. D. 102, 72 N. W. Rep. 1089. Upon the authority of that case, the appellant's numerous assignments of error relating to rulings upon the admission of evidence must be disregarded. In the case last cited this court said, with reference to similar rulings, "Under section 5630, such rulings cannot be reviewed, or made the basis of reversing the case for error, as could be done in a jury case." See opinion, page 104, 7 N. D., and page 1089, 72 N. W. Rep.

As we have seen, the assignments of error upon the findings of fact must also be disregarded by this court, for the reason that in this class of cases we do not sit for the correction of errors arising upon the evidence. In such cases we are a trial court. But in the case at bar we cannot discharge our functions as a trial court, on account of the omissions in the record, as already pointed out. Nor can we pass upon the assignment of error based on the request of defendant's counsel for a directed verdict. The questions of fact which the jury was called to try were by consent

of counsel sent to another tribunal for determination, i. e. to the judge sitting as a court. This, in our judgment, must operate as a constructive waiver by the parties of any and all right to a verdict, whether based upon evidence, or returned in obedience to the mandate of the court. After consenting that the court should try the case, neither party should be heard to complain on the ground that he was entitled to the verdict of a jury in the same case. It is true that the record does not affirmatively show that counsel consented to a discharge of the jury, but it does appear that the discharge was made in open court, and hence presumptively in the presence of counsel. No exception to such action appears in the record, and none is claimed to have been taken. The statement specifies the discharge as error, but in this court error is not assigned in the matter in counsel's brief; nor do counsel refer to the point, either in their briefs or oral arguments made in this court. We must therefore assume that counsel have waived a jury trial, and consented to a trial of this case by the court.

It appears in the record that when the case was called for trial the defendant's counsel made a preliminary objection to the introduction of any evidence under the complaint, upon the ground "that the said complaint did not state facts sufficient to constitute a cause of action." This objection was overruled, and defendant's counsel excepted to the ruling. In this court counsel for appellant have omitted to assign this ruling as error. Neverthless counsel argue in their brief, as well as orally, that the ruling is error. The action is brought, under the general banking law of the United States, to recover the penalty prescribed for usury paid upon loans. The criticism of counsel upon the complaint is that it fails to specifically plead the section, by its number, upon which the action is brought, or otherwise point to the section, either in terms, or by reference to the chapter in which it is found. The complaint does refer to the laws of congress governing national banks, and also to the provisions of such laws relating to the matter of usury; but these references are entirely general, and no mention is made of any particular section or chapter either of the laws of the United States or of this state. Counsel cite section 5787, Rev. Codes, in support of this feature of the case. If the objection to the complaint had arisen upon demurrer, it would have been sustained. See *Greenburg* v. *Bank,* 5 N. D. 483, 67 N. W. Rep. 597. But, as has been said, this court, in 7 N. D. 102, 72 N. W. Rep. 1089, supra, holds that in cases tried to the court, this court does not sit to correct errors. The point under consideration arose upon objection to evidence, and the ruling was made upon the admission of testimony, and cannot, therefore, be considered upon this appeal; no new trial in this court being allowable upon the record. In cases governed by chapter 5, Laws 1897, the statute, at the option of the defeated party, accords to him a new trial of the action in this court. He may, at his option, try the entire case anew in this court; and, to secure this right it is only necessary to appeal to this court, and transmit here a statement of the case,

containing all the evidence and proceedings had and offered in the trial court, together with a declaration to the effect that the appellant desires a retrial of the entire case in this court. This was not done in the case at bar. Our conclusion is that the judgment should be affirmed, and this court will so order. All the judges concurring.
(81 N. W. Rep. 46.)