(88 N. W. Rep. 461.)

---

LENA HAGEN *vs.* CULBERT GILBERTSON, *et al.*

Opinion filed Dec. 9, 1901.

**Appeal—New Trial in Supreme Court.**

> This action was tried to a jury, and after the evidence was put in, and the case had been rested on both sides, counsel on each side, respectively, requested a directed verdict. No ruling was made on either of said requests, but it appears that, immediately after said requests were made, counsel agreed in open court that the jury should be waived, that the case should be made a court case, and that each party should prepare findings and submit the same to the court. Thereupon the jury was discharged. Subsequently the trial court filed findings of fact and law, upon which judgment was entered for the plaintiff. Defendants appeal to this court, and in their statement have requested a trial anew of the entire case in this court. During the trial as had before the jury, the court sustained numerous objections made to questions propounded to witnesses, and in such cases the evidence thus offered was excluded, and was never brought upon the record. In other instances evidence which was offered at the trial was ruled out, and the same was not preserved in the record. *Held* that, upon this state of facts, this court, under § 5630, Rev. Codes 1899, is without authority to enter upon a trial of the issues anew.

**Case Not Reviewed on Error.**

> This court, in cases tried to the court, where it is without authority to retry the issues anew, will not sit to review errors in the rulings made in the trial court.

**New Trial.**

> For reasons given in the opinion, it is further *held* that the judgment must be reversed, and a new trial awarded.

Appeal from District Court, Richland County, *Winchester,* J.

Action by Lena Hagen against Culbert Gilbertson and William Rohan. From a judgment in favor of plaintiff, defendants appeal. Reversed.

*McCumber, Forbes & Jones,* for appellants.

*A. T. Cole* and *W. E. Purcell,* for respondent.

WALLIN, C. J. The complaint in this action charges, in substance, that the defendants acting together and conspiring to injure and defraud the plaintiff, obtained from the plaintiff at divers times in the years 1896 and 1897 certain sums of money and a certain promissory note, as follows: $113.85 so obtained was paid over by plaintiff to the defendant Rohan, and $100 so obtained was received by the defendant Gilbertson, and a certain note for $75, signed by the plaintiff with an indorser, and payable to said Gilbertson, was turned over by plaintiff to Gilbertson. It is further alleged that said money and said note were paid over and delivered to the defendants without any consideration whatever, and that the same were procured by deception, fraud, and undue influence practiced upon the plaintiff by the defendants, acting jointly and in pursuance of a conspiracy to defraud the plaintiff. Judgment is demanded against the defendants for the sum of $213.85, with interest, and also for the cancellation and surrender of the note. The district court entered judgment as follows: A several judgment for $100, with interest, was entered against defendant Gilbertson; and it was further adjudged that said defendant should surrender to plaintiff said note for $75, and further adjudged that said defendant should pay plaintiff the costs and disbursements of the action, taxed at $63.80. It was also adjudged that the plaintiff have and recover of the defendant Rohan a several judgment for the sum of $141.73, with costs and disbursements of the action. From such judgments the defendants have appealed to this court, and, in the statement of the case, defendants have demanded a trial of the entire action anew in this court.

We have reached the conclusion that upon this record a trial de novo cannot be had in this court, and this ruling is placed upon the ground that all the evidence offered in the trial court is not incorporated in the statement of the case. The case was tried before a jury, and after all the evidence was elicited, and both sides had rested the case, a motion was made in behalf of the plaintiff,

and also in behalf of the defendants, for a directed verdict. No ruling was made by the trial court in response to either of said motions for a directed verdict, but the record shows that, immediately after said motions were made, the respective parties agreed in open court as follows: "In open court the jury is now waived by both parties and it is made a court case; each party to prepare findings and submit them to the court within thirty days." Upon this stipulation of counsel the jury was discharged without returning a verdict, and thereafter the trial court made and filed its findings of fact and law upon which the judgment was entered. None of the findings of fact show or tend to show that the defendants conspired together or acted conjointly in procuring the several sums of money and the note from the plaintiff as charged in the complaint, but, on the contrary, the several facts as found show that each defendant acted independently, in so far as he acted at all, with respect to the subject-matter set out in the complaint. As a conclusion of law the trial court finds that the plaintiff was entitled to recover of each defendant a several judgment, and further found, in terms, "that the defendants are not jointly liable herein." The statement embraces a list of alleged errors of law based upon the rulings of the trial court in admitting and excluding the evidence, and also error in denying the defendants' motion for a directed verdict. Following the specifications of errors of law, we also find in the record a list of alleged errors leveled against the findings of fact, in which the appellants have attempted to specify wherein the evidence does not warrant or justify such findings of fact. The record discloses the further fact that the trial of the action was, at all times prior to the discharge of the jury, conducted as jury cases are required to be conducted. As the trial progressed, counsel from time to time objected to questions as propounded to the witnesses. Some of such objections were overruled, and others were sustained, by the trial court. In cases where the objections to questions were sustained, the evidence sought to be elicited from the witnesses by such questions was excluded from the jury, and the same was never brought upon the record in any manner. In several instances counsel offered to introduce evidence to show a particular state of facts, and upon objection being made to such evidence the trial court excluded the same from the consideration of the jury, and the same was not in any manner preserved or brought upon the record. The evidence thus excluded was not, therefore, considered by the trial court in deciding the case; nor is the same presented to this court for its consideration.

Upon this record in view of the reiterated rulings of this court upon the point it is needless to say that this court is not possessed of the right or authority, under the statute, to try the case anew upon the facts and merits. As we have often said, our right to enter upon a retrial of a case rests entirely upon the language of the statute embodied in section 5630, Rev. Codes 1899. To do so, it must af-

firmatively appear, first, that upon the trial of the action in the district court all the evidence offered was received; and it must further appear that such evidence is transmitted to this court after being incorporated in a statement of the case. In the case at bar the first condition is lacking. All the evidence offered at the trial was not received, and, of course, such excluded evidence is not before this court. By their voluntary agreement, made in open court, counsel consented to the discharge of the jury without a verdict, and after the evidence in the case was all offered, and a portion thereof had been excluded. In so doing counsel, under § 5630, supra, have waived or lost any possible right to retry the case in this court upon the evidence. Counsel are presumed to know that in this state, at least, no trial anew upon the evidence can be had in the supreme court unless all the evidence offered at the trial below was received, and thereafter sent to the supreme court. Nor does the fact that counsel have consented to try the case in the district court after that court had excluded from the record a part of the evidence offered at the trial change the rule. The statute requires, in cases tried to the court, that the evidence offered in the district court must be received, and when this is not done the case cannot be tried anew, under § 5630. This court cannot derive its authority to try cases anew from a stipulation made by counsel, and the fact that counsel have consented to try a case below in an irregular manner cannot operate to change the rule governing trials in this court, as the same is established by the legislature. See *Engine Works v. Kneer*, 7 N. D. 195, 73 N. W. Rep. 87; *First Nat. Bank of Devil's Lake* v. *Merchants' Nat. Bank,* 5 N. D. 161, 64 N. W. Rep. 941; *Peckham* v. *Van Bergen*, 8 N. D. 598, 80 N. W. Rep. 759; *Erickson* v. *Bank,* 9 N. D. 81, 81 N. W. Rep. 46, *In re Fleugel's Estate,* 10 N. D. 211, 86 N. W. Rep. 712. The case last cited is directly in point. In that case the court said: "The status of the case in this court with reference to procedure here is controlled by the statute and the steps taken by the appellants in taking the appeal, and this status, being once established, cannot be changed or affected by what counsel for the appellants may say with reference to the objects and purposes of the appeal."

In some cases where, under this statute, this court has been precluded from a retrial of the action, the court has simply affirmed the judgment entered below. In others we have deemed it to be in furtherance of justice to transmit the record, with a direction to try the case anew in the district court. Under the amended statute, and as it now stands, this discretion is given in express terms, and may be exercised, in furtherance of justice, in any case tried to the court. That this case was tried to the court, there can be no doubt. In waiving a jury is involved the necessary implication that the parties consented to a trial of all the issues before the court without a jury, and this makes the case a court case, under § 5630. Being a court case it can be tried in this court only upon the

terms set out in the statute. Nor does this court sit in a court case as a court of review, to correct errors in rulings upon the admission of evidence, unless this is done in connection with a retrial of the case upon the evidence and merits. See *Nichols & Shepard Co.* v. *Stangler,* 7 N. D. 102, 72 N. W. Rep. 1089, and *Erickson* v. *Bank,* supra. In the present case we are constrained by the facts in the record to grant a new trial. The case presents anomalies which make it in some respects a remarkable case, whether regarded from the standpoint of substantive law or from that of the law governing practice and procedure. The gist of the action is an alleged tort jointly committed by the defendants, whereby defendants, by fraud and duress, procured divers sums of money and a. note from the plaintiff without consideration. The acts charged are therefore distinctly tortious acts, and, if established, are of such a character that the plaintiff could recover as damages not only the money and the interest thereon, and the value of the note, but, in addition thereto, might be entitled to smart money, by way of example and punishment. But no such relief is prayed for in terms. The plaintiff asks as relief only the money paid over, with interest, and, as equitable relief, that the note in the hands of one defendant be canceled and surrendered to plaintiff. The prayer for relief, so far as the money portion thereof is concerned, points to a waiver of the tort, and an action upon contract as for money had and received, and yet there is no statement to this effect found in the record; and hence the court below was necessarily at all times during the trial in the dark as to the legal theory of counsel for the plaintiff. It appears, however, that the trial court found from the evidence that the several acts complained of were not jointly committed, but were, on the contrary, independent acts of tort committed severally by the defendants. If this finding is supported by the evidence, then it is manifestly true that the action was improperly brought against the defendants jointly; and this would be true whether the tort was waived, or not, by the plaintiff. On the other hand, if the finding of fact on this feature is without support in the evidence, and the acts complained of were in fact jointly committed by the defendants, then the judgment was erroneously entered against each defendant, because in that event each would be equally liable in the same amount, and each would not be liable separately in different amounts, as was adjudged by the trial court. We have seen already that the record of the trial of the case presents an attempted amalgamation of the wholly different procedures which govern trials before the district court without a jury and those had with a jury; and it has been seen, also, that this compound of procdure so resulted, under the law, as to defeat a hearing in the supreme court, either to review errors, or upon the facts and merits of the case. To this should be added the curious and incongruous fact that as to one defendant the action was one brought for relief in a court of equity. In

this labyrinth of law and procedure, we are satisfied that it was impracticable to intelligently apply legal principles to the facts brought out at the trial. But, in discussing the elementary rules of law and procedure which should govern in the disposition of the case, we are not deciding or attempting to decide this case on its merits. This is precisely what this court finds itself unable to do under the law and upon the record transmitted to this court from the trial court. The authorities cited below will be found to be pertinent to the legal principles which, in our opinion, apply to the issues involved: 1 Enc. Pl. & Prac. 194, 195, 209; *Miller* v. *Bryden,* 34 Mo. App. 602; *Haskell Co. Bank* v. *Bank of Sante Fe,* 51 Kan. 39, 32 Pac. Rep. 624; *White* v. *Preston,* (Tex. App.) 15 S. W. Rep. 712; *Hill* v. *Davis,* 4 Mass. 137; *Thompson* v. *Albright,* (Tex. App.) 14 S. W. Rep. 1020.

Our conclusion is that the judgment entered below should be reversed, and that a new trial of the action will be in furtherance of justice, and this court will so direct. All the judges concurring.