THE BANK OF PARK RIVER *v.* THE TOWN OF NORTON.

Opinion filed November 30, 1903.

**Where Both Parties Ask for a Directed Verdict, Trial by Court and Discharge of Jury Deemed Assented to.**

1. In a money demand action testimony was taken before a jury. At the close of the testimony defendant moved for a directed verdict, which was denied. Plaintiff then moved for a directed verdict. The court then asked each attorney, individually, "Do you stand on your motion?" Each responded affirmatively. The court then discharged the jury, and made findings of fact and conclusions of law in favor of plaintiff, without objection by either party. *Held,* that the attorneys will be deemed to have consented to a trial by the court and to the discharge of the jury.

**Motion for New Trial Not Entertained, Under Section 5630 Rev. Codes.**

2. The defendant's attorney in the case stated moved for a new trial, alleging errors of law as grounds therefor. *Held,* that such motion is not provided for in cases tried under section 5630, Rev. Codes 1899, and that an appeal from such order will not be entertained.

**Under Section 5630, Errors of Law Reviewed Only in Connection With the Facts on the Merits.**

3. On appeals in cases tried under section 5630, Rev. Codes 1899, errors of law occurring at the trial will not be reviewed for the correction thereof, but only in connection with a review of the facts on the merits.

Appeal from District Court, Walsh county; *Lauder,* J., sitting by request.

Action by Bank of Park River against the town of Norton. Judgment for plaintiff. Defendant appeals.

Dismissed.

*E. R. Sinkler,* for appellant.

Township order not drawn on the fund out of which it is payable, is void. I Dil. Mun. Corp. 505; *Argenti* v. *City of San Francisco,* 16 Cal. 255; *Martin* v. *City and County of San Francisco,* 16 Cal. 285; *Wilson* v. *City of Aberdeen,* 52 Pac. Rep. 524; *Minor* v. *Legging,* 37 S. W. Rep. 1086, 15 Am. & Eng. Enc. of L. (1st Ed.) 1214; *People ex rel. J. G. Cooke* v. *Lewis Wood,* 71 N. Y. 371; *Baker* v. *City of Seattle,* 27 Pac. Rep. 462; *Hoffleman* v. *Pennington County,* 52 N. W. Rep. 851.

Township warrants are not negotiable so as to protect a bona fide purchaser for value without notice. *Gilman* v. *Township of Gilby*, 8 N. D. 627, 80 N. W. Rep. 889, 73 Am. St. Rep. 791; *Goose River Bank* v. *Willow Lake Township*, 1 N. D. 26, 44 N. W. Rep. 1002, 26 Am. St. Rep. 605, 1 Dil. Mun. Corp., sections 503, 504, 487; *Miner* v. *Vedder*, 33 N. W. Rep. 47; *Hubbell* v. *Town of Custer City*, 87 N. W. Rep. 520; *Story* v. *Murphy*, 9 N. D. 115, 81 N. W. Rep. 23.

It was error to receive evidence over the objection, of what was done at the meeting of the township board. *San Joaquin L. & W. Co.* v. *Beecher*, 35 Pa. 349; *Gould* v. *Norfold Co.*, 57 Am. Dec. 50; *Hunneman* v. *Jamaica Fire Dept.*, 37 Vt. 40.

The mode of contracting constitutes the measure of the power of the officers of a municipal corporation. Rev. Codes, section 2538; 1 Dil. Mun. Corp. 447; *Zottman* v. *The City and County of San Francisco*, 20 Cal. 97; *Crawford* v. *Ice Company*, 60 Pac. Rep. 14.

Township warrants do not draw interest until they have been presented and marked "not paid for lack of funds." Rev. Codes, 2614. *Freeman* v. *City of Huron*, 73 N. W. Rep. 260.

At close of the trial both parties moved for a directed verdict. The court did not direct a verdict for either party. This was error. It would render an appeal impossible, for an appeal from a case tried to the court would be abortive where all the evidence offered is not in the record. The parties did not waive a jury trial and all the concomitants and advantages of such a trial, such a motion for a new trial, and the right to appeal which go with a jury trial. 6 Enc. Pl. & Pr. 704; *Thompson* v. *Brennan*, 80 N. W. Rep. 947.

*H. A. Libby*, for respondent.

The legislature intended to provide two distinct methods by which road machines might be purchased by townships. First—The township board may of its own accord, without any petition or further authority than is vested by this section, purchase road machines for the use of the township, and such purchase constitutes a good and valid obligation against the township. Rev. Codes, section 1115a. Second—The chairman of the township board upon the petition of the majority of the freeholders of the township, could contract for the purchase of these machines. Rev. Codes, section 1115b. If all the freeholders of the township desired such machines

purchased and the town refused, they could have resort under section 1115b.

Where, at the close of the evidence on a jury trial, both parties ask for the direction of a verdict, it will be presumed that they intend to waive the right of submission to the jury and let the court decide the questions involved, both of law and fact, unless some request is made. 6 Enc. Pl. & Pr. 703; *Haganan* v. *Burr,* 41 N. Y. Super. Ct. 423; *Thompson* v. *Liverpool Steam Co.,* 44 N. Y. 407; *Benjamin* v. *Welsh,* 73 Hun. (N. Y.) 371; *Ropes* v. *Arnold,* 81 Hun. (N. Y.) 476; *Schran* v. *Werner,* 81 Hun. (N. Y.) 561; *Fogarty* v. *Hook,* 84 Hun. (N. Y.) 165; *Farham* v. *Davidson,* 3 Cush. 232; *Kelly* v. *McGhee,* 137 Pa. St. 443; *Potts* v. *Wallace,* 146 U. S. 689, 13 Sup. Ct. Rep. 196.

It was a mere technical error in the court to discharge the defendant instead of directing the jury to find him not guilty. *Noise* v. *Hewitt,* 18 Wend. 141.

Where plaintiff is entitled to directed verdict, it is not a substantial error for the court to order judgment on plaintiff's motion instead of directing a verdict. *Duluth Chamber of Com.* v. *Knowlton,* 44 N. W. Rep. 2; *Engrer* v. *Ohio & M. Ry. Co.,* 42 N. W. Rep. 217.

The court having the power in a proper case to direct a verdict certainly has the power in a more direct manner to reach substantially the same result by finding the facts itself and rendering judgment accordingly. *Gammon* v. *Abrams,* 53 Wis. 323, 10 N. W. Rep. 479; *Cahil* v. *Chicago Ry. Co.,* 74 Fed. Rep. 285; *Erickson et al.* v. *Citizens' Nat. Bank.,* 9 N. D. 81, 81 N. W. Rep. 46.

Defendant's notice of motion and the motion itself are insufficient in that they do not specifically point out the irregularities of the court and jury, or the misconduct of the jury, or the insufficiency of the evidence, or the errors of law occurring at the trial. *Henry* v. *Maher,* 6 N. D. 413, 71 N. W. Rep. 127; *Thompson* v. *Cunningham,* 6 N. D. 426, 71 N. W. Rep. 128.

When party requests the withdrawal from the jury issues properly triable by them, cannot complain of the court's actions in granting his demand. *Stepp* v. *National Loan Ass'n,* 37 S. C. 417.

Where statute provides that, when a jury is waived the cause shall be heard and determined by the court and judgment entered, the court shall render a judgment and not a verdict. *Bearce* v. *Bowker,* 115 Mass. 129.

The effect of the waiver is to submit to the court the question involved and make it the trial of the facts. 12 Enc. Pl. & Pr. 269; *Grigsby* v. *Western Union Telegraph Co.,* 59 N. W. Rep. 743; *Lazare* v. *Allen,* 47 N. Y. 340; *Cling* v. *Irving Nat'l Bank,* 47 N. Y. 528.

Section 2596 Rev. Codes, provides that meetings of township boards "may adjourn from time to time, and in cases of emergency may hold special meetings on call of the clerk on three days' notice." This is not a notice to the public, only notice to the board. *Lewick et al.* v. *Glazier et al.,* 74 N. W. Rep. 717; *Shaw* v. *Jones,* 7 Ohio Dec. 453.

Each supervisor had actual notice of the meeting and all were present and participated therein and acted in making the contract for the purchase of the grader. This is sufficient. *Lord* v. *City of Anoka,* 30 N. W. Rep. 550; *Township of Beaver Creek* v. *Hastings,* 18 N. W. Rep. 250; *States* v. *Borough of Washington,* 2 Am. & Eng. Corp. Cas. 39, 15 Am. & Eng. Enc. of L. (1st Ed.) 1034.

MORGAN, J. The complaint states a cause of action against the defendant, based on a township order issued by it in favor of the Fleming Manufacturing Company for the sum of $100. The answer alleges that defendant is not liable on said order, for the reason that the township board had no authority to issue the same on account of its failure to comply with the statutory requirements made and provided in such cases; that such order was issued in payment of a road grader purchased by said board; and that such order is void by reason of the fact that it was issued without a petition to said board to purchase said grader from a majority of the freeholders of said town. The answer also alleges that said order is void for other specified grounds, based upon a failure to comply with the provisions of section 1115b, Rev. Codes 1899, relating to the purchase of graders by township boards. At the close of taking the testimony defendant moved the court to direct a verdict in its favor. This motion was denied, and an exception taken by defendant to such ruling. Thereupon plaintiff moved for a directed verdict in its favor. The court thereupon asked plaintiff's counsel and defendant's counsel individually if he wished to stand upon his motion. Having received an affirmative response from each, the court discharged the jury without ruling on plaintiff's motion, and without any further remarks or explanations, except that the

case would be taken under advisement. Later the court made findings of fact and conclusions of law in favor of the plaintiff. These findings of fact and conclusions of law were made on January 20, 1902. On March 3d following defendant served notice of intention to move for a new trial, to be based on errors of law occurring at the trial and the insufficiency of the evidence to justify the decision of the court. A statement of the case was settled, and the motion for a new trial made. This motion was based on alleged errors of law occurring at the trial, viz: (1) Errors in receiving evidence duly objected to; (2) refusing to grant defendant's motion for a directed verdict; (3) withdrawing the issues from the consideration of the jury and disposing of the case as a court case; (4) ordering judgment to be entered based on findings of fact in place of submitting the case to the jury for a verdict. The trial court denied the motion for a new trial. Defendant has appealed from the order denying the motion for a new trial.

The errors alleged and relied on for a reversal of the order refer to matters occurring at the trial, and are the same as those enumerated above, as contained in the statement of the case as settled. We are first called on to dispose of a question of practice before considering the merits. Respondent contends that this court cannot entertain the appeal on the merits, for two reasons: (1) It cannot be considered as an appeal from a decision of the case by the court, for the reason that no demand for a trial *de novo* is made, and that the appeal in this case is not from a judgment, but from an order refusing a new trial; (2) the case not having been tried by a jury, but by the court, no provision is made for granting new trials in such cases in the district court, nor can errors be reviewed in such case in this court. Appellant insists that the court should have granted one of the motions for a directed verdict, and that to discharge the jury without having done so was prejudicial error. That may be true in some cases and under some circumstances, but such a case is not here presented. The jury was discharged because each party consented that the case be decided by the court. Both parties made motions for a directed verdict, and thereafter each stated that he desired to stand upon such motion, which meant no more or less than that the case was, by both parties, deemed one for the court without a jury. That such was meant is emphasized by the fact that neither party objected to the discharge of the jury, or excepted thereto, nor asked that the jury be allowed to pass upon

all the evidence or upon any particular fact. That such was the attorneys' and the court's understanding at the time is borne out by the recitals in the order for judgment, as follows: "Whereupon the defendant and the plaintiff  *  *  *  made independent motions to the court for a directed verdict in favor of their respective parties,  *  *  *  and, both parties electing and stipulating in open court to stand upon the record,  *  *  *  the court thereupon dismissed and discharged the jury and took complete control of the case." This recital shows that the trial court understood that the case was, by consent of parties, submitted to him  for  decision on questions of fact and questions of law, and his findings of fact and conclusions of law show that the case was tried by him as a court case. Nothing in appellant's conduct, or any objections or motions during the trial, or after the trial when copies of the findings were served on him, indicate anything different than that he consented that the case be tried as a court case. His first intimation of anything to the contrary is shown in the notice of his intention to move for a new trial. We therefore hold that his objections to the decision of the case as a court case came too late, as a trial by jury was waived. The case is similar in this respect to *Hagen* v. *Gilbertson,* 10 N. D. 546, 88 N. W. 455. In that case the stipulation to waive a jury and make the case a court case was expressly made in open court. In this case nothing different can be gathered from what counsel did, and from what was said between counsel and the court, and from what followed after the jury was discharged, the acts and silence of counsel considered, than that the case was to be disposed of as a court case. Appellant, however, insists that he should not be held to have waived not only a jury trial, but also the right to move for a new trial, as in jury cases in which verdicts are rendered. The same question was present in *Hagen* v. *Gilbertson, supra,* and in that case the court said: "That this case was tried to the court there can be no doubt. In waiving a jury is involved the necessary implication that the parties consented to a trial of all the issues before the court without a jury, and this makes the case a court case under section 5630. Being a court case, it can be tried in this court only upon the terms set out in the statute." In that case a judgment was appealed from. In this case no judgment is shown to have been entered. There is no demand for a retrial in this case. It therefore cannot be entertained under section 5630, *supra.* Having consented to a trial

by the court, the procedure laid down by that section should have been thereafter followed in reference to an appeal, as well as everything else. In the case last cited, and in *Erickson* v. *Citizens' National Bank,* 9 N. D. 81, 81 N. W. 46, this court refused to retry the case under section 5630 for the reason that evidence objected to has been excluded from the record. In this case no such obstacle to a review or retrial here could be urged. In this case every objection to evidence made was overruled, and all the evidence offered was received. The cases cited are also authority for holding that this court cannot review a record on appeals from cases tried under section 5630 for the purpose of correcting errors. In cases tried under said section no appeals are provided for, save appeals from the judgment. No motion for a new trial is provided for in the trial court, nor in this court, so far as granted on errors assigned. The specifications and assignments of error are therefore improperly in the record, and cannot be considered. *Erickson* v. *Citizens' National Bank, supra; Hagen* v. *Gilbertson, supra; Nichols & Shepard* v. *Stangler,* 7 N. D. 102, 72 N. W. 1089. In the Erickson case this court said: "Nor can we pass upon the assignment of error based on the request of defendant's counsel for a directed verdict. The questions of fact which the jury was called to try were by consent of counsel sent to another tribunal for determination; *i. e.,* to the court. This, in our judgment, must operate as a constructive waiver by the parties of any and all right to a verdict, whether based upon evidence or returned in obedience to the mandate of the court. After consenting that the court should try the case, neither party should be heard to complain on the ground that he was entitled to the verdict of a jury in the same case. It is true that the record does not affirmatively show that counsel consented to a discharge of the jury, but it does appear that the discharge was made in open court, and hence, presumptively, in the presence of counsel." In this case the discharge of the jury is assigned as error. The assignment is disposed of on the same ground, and so are each of the other assignments. The case was tried as a court case by consent, and errors cannot be reviewed on appeals in cases tried under section 5630.

As the statutory motion for a new trial is not authorized under section 5630, it follows that the order appealed from cannot be reviewed on appeal, and the appeal is dismissed. All concur.