(116 N. W. 85.)

---

### S. A. PRATT v. T. L. BEISEKER.

Opinion filed March 21, 1908.

**Mortgage Foreclosure — Validity.**

1. A foreclosure of a mortgage by advertisement before there is any sum due thereon is void.

**Same — Evidence — Amount Not Due.**

2. Evidence considered and reviewed, and *held* to show that nothing was due on the note or mortgage securing the same when the foreclosure was made.

Appeal from District Court, Pierce county; *Cowan, J.*

Action by S. A. Pratt against T. L. Beiseker, judgment for plaintiff, and defendant appeals. Affirmed.

*Burke & Middaugh and Bessessen & Berry,* for appellant.

*John O. Hanchett,* for respondent.

MORGAN, C. J. This is an action to determine adverse claims to 160 acres of land situated in Pierce county. Both parties claim title to the land through one Van Gundy, who derived his title thereto from the United States under the homestead laws. The plaintiff claims his title under a deed from said Van Gundy, and defendant claims his title under a deed from one Mitchell, who bid in the land at a foreclosure sale by advertisement of a mortgage given by said Van Gundy to said Mitchell, who received a sheriff's deed of the land after the year for a redemption from the sale had expired. The mortgage was executed and delivered on August 31, 1900, and the sale under the foreclosure was made on April 14, 1903. Mitchell conveyed the land by quitclaim deed to the defendant Beiseker on June 10, 1904. The deed to plaintiff from Van Gundy was executed and delivered on December 28, 1901. The price paid by the plaintiff was the sum of $1,400, and the deed was given subject to the mortgages hereafter to be mentioned. The plaintiff has been in possession of the land since his purchase thereof from Van Gundy, and has farmed it each year. The ownership of the land depends upon the validity of the foreclosure of the Mitchell mortgage. That foreclosure is attacked by the plaintiff, who claims that it is void. The facts in relation to the giving and foreclosure of the mortgage are the following: In the summer of 1900 Van Gundy applied to the German State Bank of Harvey for a loan of $500 upon the land in question. The defendant Beiseker is the president of said bank. The application for the loan was accepted, and mortgages were thereafter executed to secure said sum and interest. Two mortgages were given—one to the defendant Beiseker and his partner Davidson for $500 and the other to the defendant Mitchell for $200, the former to become due in 10 years from date. The $500 mortgage and the notes secured by it drew interest at 8 per cent. per annum, and the $200 note and mortgage were given for the aggregate interest on the $500 loan for 10 years at 4 per cent. per annum. The mortgagor was therefore paying 12 per cent. interest on the $500 loan. It is clearly proven that no consideration whatever was paid by Mitchell to Van Gundy on the $200 notes and mortgage, and that they represented what was in reality the difference between 12 per cent and 8 per cent during the term of 10 years, and it was taken as a commission mortgage. The $200 mortgage secured three notes—one for $100, due November

1, 1901; one for $50, due November 1, 1905; and one for $50, due November 1, 1906. These notes were to draw interest at 12 per cent. per annum after maturity. The foreclosure was made on the theory that there was a default in the payment of the $100 note. The notice of foreclosure stated the sum due on the mortgage to be $217.40, representing the principal sum named in the mortgage, and 12 per cent. interest on the $100 note after its maturity. The mortgage provided that in case of default in the payment of any one of these notes the mortgagor had the option to declare the whole sum due, which was done in this case. Whether the foreclosure had any validity, therefore, depends on a question of fact, and that question is, was there a default in the payment of the $100 note on November 1, 1901, when it fell due? The plaintiff claims that the note was paid by the mortgagor in December, 1901, when he settled with the mortgagees and agreed upon the sum to be paid him on the $500 mortgage. The mortgagees had made advancements to the mortgagor between the day when the mortgages were given and the day of settlement in December. The mortgagor testifies on behalf of the plaintiff that the mortgagees were unable or unwilling to pay him the amount due him, and agreed that the $100 commission note would be deemed paid by reason of not paying the amount due after allowing for all advancements. According to the mortgagor's testimony, he had great difficulty in getting any cash out of the loan, and was finally compelled to consent that $100 of the amount due him be applied in payment of the first commission or interest mortgage. The defendants strenuously deny that any such arrangement was made, and insist that the full amount due the mortgagor was paid to him after deducting all advance payments. The evidence is therefore conflicting on the issue whether there was anything due on the $200 mortgage when the foreclosure was begun. On that issue the trial court made the following finding: "That the $100 note secured by the said Mitchell mortgage which fell due November 1, 1901, was paid by the said David E. Van Gundy in the month of December, 1901, at the time he procured a settlement of the proceeds of his $500 loan."

We think this finding amply sustained by the evidence. The direct evidence of Van Gundy, considered in connection with his conduct and the conduct of the plaintiff, convinces us that the mortgagees never turned over to Van Gundy all that was coming to him under the $500 mortgage. No demand was ever made by Mitchell

or Beiseker for the payment of the $100. The plaintiff continued to pay the interest on the $500 mortgage on demand therefor from the Beisekers or the bank, and was paying off other indebtedness against the land that had been made a lien thereon by Van Gundy before he conveyed to the plaintiff. This is a weighty circumstance in favor of plaintiff's contention. It does not seem reasonable that he would permit the $100 note to remain unpaid, and thereby assume the risk of losing his land entirely by defaulting on the payment of $100. It is true that the $100 note was never surrendered to Van Gundy, but this was not his fault. He asked for it, and was constantly informed that it would be sent for and surrendered. It is true also that the $200 mortgage was described in the deed to the plaintiff as a lien against the land. Why this was done is satisfactorily explained by Pratt and Van Gundy. It was perfectly understood, however, between the plaintiff and Van Gundy that the latter considered the $100 note paid. The two Beisekers, or their bank, attended to the making of collections of interest on the Van Gundy loan. Mitchell, the mortgagee in the $200 mortgage, was a nominal mortgagee only, and the mortgage was taken in his name for the convenience of the mortgagees in the $500 mortgage. The plaintiff paid interest on the $500 mortgage while foreclosure proceedings were pending on the $200 mortgage, and had other negotiations with the Beisekers concerning the $500 mortgage during this time. They knew that the plaintiff during that time believed that the $100 note had been paid, but they did not inform him of the foreclosure proceedings, of which he was ignorant until after the time for a redemption had expired.

Under these facts, and others which we deem unnecessary to mention or discuss, we are fully convinced that nothing was due on the $200 mortgage when it was foreclosed, and that it was void. The appeal from the judgment in this case is made under section 7229, Revised Codes 1905, and a trial de novo is demanded. The proceedings on the motion for a new trial are therefore not properly before this court, nor was that motion properly before the district court. Bank v. Town of Norton, 12 N. D. 497, 97 N. W. 860.

The judgment is affirmed. All concur.