STATE OF NORTH DAKOTA EX REL. AUGUST BERNDT
    v. CHARLES F. TEMPLETON, as Judge of the District Court
    of the First Judicial District, State of North Dakota.

(130 N. W. 1009.)

**Practice — New Trial — Newly Discovered Evidence.**

> Section 7229, Rev. Codes 1905, which prescribes the procedure both in the district and supreme courts in certain actions triable to the court without a jury, does not take from the district courts the power to entertain motions for new trials upon the ground of newly discovered evidence.

Opinion filed April 24, 1911.

Mandamus by the State, on the relation of August Berndt, against Charles F. Templeton, Judge of the District Court of the First Judicial District.

Writ allowed.

*Guy C. H. Corliss,* for appellant.

*Henry G. Middaugh,* for respondent.

Fisk, J.   This is an application for a writ of mandamus to compel defendant to exercise jurisdiction to hear and determine a motion for a new trial upon the ground of newly discovered evidence in a certain action pending in the district court, and which was tried and decided by the court under the so-called Newman law, being § 7229, Rev. Codes 1905.

The sole question for determination on this application is the power of the district court to entertain such motion.   That such power exists, is, we think, entirely clear.   Both by statute and precedents, such power is authorized.   Section 7063, Rev. Codes, provides: "The former verdict *or other decision may* be vacated and a new trial granted . . . for any of the following causes: . . . 4.   Newly discovered evidence . . ."   The words above italicized disclose that the legislative intent to authorize such motions in court cases is apparent, for otherwise such words would have no meaning in the statute. Such is also the general rule in states where the distinction between law and equity actions is abolished.   29 Cyc. Law & Proc. p. 723, and cases cited in note 21.   See also Law v. Smith, 34 Utah, 394, 98 Pac. 300.

But counsel for defendant relies on two decisions by this court as announcing the contrary rule of practice.   Such decisions are Pratt v. Beiseker, 17 N. D. 243, 115 N. W. 835, and Bank of Park River v. Norton, 12 N. D. 497, 97 N. W. 860.   Before noticing these cases it is well to briefly refer to § 7229.   This statute was first enacted in 1897, and governs the practice both in the trial and appellate courts in certain actions tried to the court without a jury.   By this statute it is expressly provided that "no new trial shall be granted by the district court on the ground that incompetent or irrelevant evidence has been received, or on the ground of the insufficiency of the evidence." It will thus be readily observed that it could not have been the intent to abolish by this statute any grounds for granting new trials, except

those specially mentioned. This seems too clear for debate. It is equally clear that the sole object which the legislature had in view in thus depriving the district courts of the power to grant new trials on the above specified grounds was merely because such modification of the prior practice was essential to effectuate the harmonious working of this new statute, which provides for trials anew on appeals to the supreme court. In view of the provisions of such statute, requiring all evidence offered to be received, and requiring trials *de novo* in this court on appeal, there no longer remains any reason for permitting the granting of new trials in the district court on account of errors in admitting or excluding testimony, or on account of the insufficiency of the evidence. As to such matters the statute makes provision for a new trial or trial anew in the supreme court. McKenzie v. Bismark Water Co. 6 N. D. 361, 71 N. W. 608. But this is not true as to newly discovered evidence. While the case is tried anew in this court, it must be determined on the record made in the lower court. Newly discovered evidence, although absolutely conclusive of the merits, can be introduced only in the trial court, and it, of course, cannot be introduced there, except where a new trial is had. It logically follows, if defendant's contention be sound, that there is no way in which such new evidence may be made available to the party discovering it. Such a condition might often result in a miscarriage of justice. But how stands the prior decisions of this court on this important practice question? The case of McKenzie v. Bismark Water Co. supra, certainly does not support defendant's contention. On the contrary, by strong implication it holds to the contrary. We quote from the opinion as follows: "Moreover, if we turn to § 5630, Rev. Codes [7229, Rev. Codes 1905], it becomes transparently clear that upon the ground of errors in law—*i. e.*, 'rulings,' etc., occurring at the trial—a motion for a new trial will not lie in the district court. For such errors a trial anew could be had in this court, under the section above quoted, and which must govern this case." Such language is wholly inconsistent with the theory that a new trial may not be granted by the district court on any ground. Why did the court in that case, and why did the legislature in enacting § 7229, go to the trouble of specifying the instances in which a new trial may not be granted, if a new trial may not be granted at all? Nor is the case of Bank of Park River v. Norton, 12 N. D. 497, 97 N. W. 860, an authority in defendant's

favor. There, the court (whether correctly or erroneously is immate-- rial) held, following certain prior decisions, that where, in a case tried to a jury, both parties move, at the close of the trial, for a directed. verdict, it becomes a court case, and must be governed.on appeal by· § 7229. After reaching such conclusion the court very properly held' that "no motion for a new trial is provided for in the trial court, nor· in this court, so far as granted on errors assigned."

The question here presented was not involved on that appeal.

In Pratt v. Beiseker, 17 N. D. 243, 115 N. W. 835, relied on ·by· counsel for defendant, this court held that the proceedings on the mo-- tion for a new trial were improperly before either the supreme or dis-- trict courts. Such holding was clearly correct. The reason for such decision is not there stated, but an examination of the record in that: case discloses that the motion for a new trial was not made in the dis-- trict court until after the appeal from the judgment, in which a trial'. de novo in this court was demanded, had been duly taken and perfected,. and, of course, such appeal deprived the district court of jurisdiction to thereafter entertain the motion for a new trial. Respondent's coun- sel in that case nowhere contended that the trial court could not en-- tertain a motion for a new trial if made in time.

We have no hesitancy in holding that the district.court has the power· to entertain motions for new trials upon the ground of newly discovered. evidence.

The writ will issue as prayed for by relator.

All concur, except MORGAN, Ch. J., not participating.