JACOB GOLDSTEIN

*v.*

SARAH SMILEY.

*Opinion filed November 1, 1897.*

1. EVIDENCE—*what immaterial in suit on unconditional promise to pay money.* In a suit to recover a sum covering the wife's interest in a farm, promised to her unconditionally by the purchaser for signing the deed with her husband, evidence that after the execution of the deed a sum sufficient to cover her interest in the farm had been paid to the wife at the husband's request by third persons, who were indebted to the husband and wholly unconnected with the promisor, is immaterial.

2. CONTRACTS—*husband has no implied authority to bind his wife as principal.* An agreement made with a married man, which affects his wife's interest in lands, is not binding on the wife unless the husband was acting with her authority as her agent in making the agreement, or she has expressly or impliedly ratified his action with knowledge of the facts.

3. TRIAL—*counsel must be allowed reasonable discretion in making arguments.* While the court should see that no advantage is obtained by improper remarks of counsel to or in the presence of the jury, yet within reasonable bounds counsel should be left to their own discretion in making arguments.

*Goldstein* v. *Smiley,* 68 Ill. App. 49, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Iroquois county; the Hon. THOMAS F. TIPTON, Judge, presiding.

C. H. PAYSON, and NELLY B. KESSLER, for appellant.

F. L. HOOPER, and FREE P. MORRIS, (JONES & NEWLIN, of counsel,) for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

Appellee recovered a judgment of $3000 in an action of assumpsit against appellant, in the circuit court of Iroquois county. This judgment has been affirmed by

the Appellate Court, and appellant prosecutes this his further appeal.

The declaration contained, besides the common counts, a special count, which alleged a promise by appellant to pay appellee $3000 in consideration of her joining with her husband, James Smiley, in the execution of a deed conveying to appellant two hundred acres of land which said James Smiley had bargained and sold to appellant for $13,000, thereby conveying and releasing all her rights in said land. It also alleged that appellee had fulfilled her part of the contract, that appellant had accepted the deed and was in the enjoyment of the benefits thereof, but had failed to pay appellee the promised amount. A trial before the court and jury under the general issue resulted in a verdict and judgment against appellant, as before stated.

It was shown by the evidence that appellee and her husband had resided on the land for upwards of thirty years. James Smiley was deeply involved in debt, and was expecting judgments to be entered against him by his creditors on judgment notes which he had given. He owed appellant $1275, and appellant was willing to buy the farm, and went to Smiley's house on the evening of December 13, 1895, to consummate the transaction. Smiley had obtained from his wife moneys which she had received from her father's estate, to the amount of $3000, which had been invested in the land by way of improvements and otherwise, and which he desired to have re-paid to her. The trade was concluded on the night in question, a deed drawn up and executed by appellee and her husband, which was delivered to appellant, conveying to him the said land. The evidence is conflicting as to what was said between the several parties at the time, but it is clear that appellant promised appellee, in consideration of the execution and delivery of the deed to him, to pay to her, for all of her interest in the property, the said sum of $3000, and that he promised to deposit that

amount to her credit in a certain bank the next morning. He claimed that this promise was upon the condition that there were no judgments against Smiley which should be a lien prior to his deed, but the findings of the courts below are against him on this point. The rest of the purchase money, the whole of which was $13,000, was to be paid to different creditors of said James Smiley. The deed was to be, and was, recorded at the earliest possible time the next morning, but it appears that during the night judgments aggregating upwards of $14,000 had been entered against Smiley, and thereupon appellant refused to pay appellee the $3000 which he had promised to pay her. He took possession of the land, however, and retained the same under his deed.

The errors urged in this court relate to the exclusion of the evidence offered on behalf of appellant, and to the instructions.

On the cross-examination of appellee she was asked by appellant's counsel: "Now, Mrs. Smiley, have you received any money on this claim of yours against this estate?" to which question appellee's counsel objected, unless it should be shown to be money paid by the appellant. The objection was sustained. She was then asked: "Have you received as a part of the surety debt this farm went to pay for Frank Bartmees,—have you received back from him, Frank Bartmees, any sum of money or notes to reimburse you?" She was also asked the same question in regard to Thomas German, and to both questions the court sustained objections, as not being cross-examination. Counsel for appellant then stated to the court that he offered to show that Bartmees was the principal on one or more notes upon which judgment had been entered; that Smiley, the husband, was surety on the notes; that since making the deed Bartmees had, by note secured, re-paid the amount of the debt evidenced by the judgment on those notes to appellee, thereby restoring to her all of her possible claims as against this

land;—to which offer appellee's counsel objected that it was not cross-examination; that it was incompetent and immaterial, and that it was not shown that the payment made by Bartmees was in any way made for or in behalf of, or connected with, appellant, and the court sustained the objection and refused to admit the evidence as offered. The same offer was made as to German, and the same objections and ruling were made.

Counsel for appellant, in their argument, make the contention that appellee's husband having been security for Bartmees and German, and part of these judgments having been entered against him on account of these security debts, and these men having made a settlement with him of his claims against them on account of said judgments, and they having in such settlement given their notes to appellee for as much as $3000, therefore she had received her claim of $3000 against "this estate," and that appellant was thereby discharged of his obligation to her. Appellant assumes that the promise to appellee of $3000 for her signature to the deed was the promise of her husband, which they claim had been made good, and not the promise of appellant. It was established that appellant's promise to appellee to pay her $3000 by depositing that amount to her credit in the bank the following morning, in consideration that she would join with her husband in the deed, was absolute and unconditional. It would be no discharge or satisfaction of this promise for appellant to show that Bartmees and German had re-paid to her husband the moneys which he had been compelled to pay for them, and that by the direction of the husband such re-payment had been made to appellee instead of to her husband. It is nowhere claimed in this offer that the payments made by Bartmees and German were made for Goldstein, or were payments of the moneys which he had promised to pay. On the contrary, they were payments, according to the offered proof, of their own debts to Smiley, made by his

direction to his wife. It is not easy to see how these moneys received by the wife under such circumstances would have discharged appellant's promise to her, made in consideration of her execution of the deed to him, without further proof that it was so understood or agreed upon between them. She had conveyed to appellant all her interest in the land, including her homestead and inchoate dower right, in consideration of his promise to pay her $3000. This promise he did not keep. Nor would the proffered evidence have shown she had in any way released him from it. Instead of availing himself of the alleged conditional character of the promise insisted on by him, that the transaction was to be null and void in case there were any prior judgment liens, and making a re-conveyance of the property, he retained the deed and the title to the property it conveyed, and without any consultation with appellee or consent from her he made another agreement with appellee's husband three days later, in pursuance of which he paid off the judgments at eighty cents on the dollar, thereby clearing his title from such liens and retained $1000 on account of his claim of $1275 against Smiley, and took possession of the land under his deed.

The refusal of the court to allow this subsequent agreement to be given in evidence is also assigned for error. But as appellee's claim against appellant was entirely ignored by this agreement, and as she was no party to it, and appellant disclaimed any purpose of showing that she had anything to do with it or consented to it in any way, there was no error in excluding it from the jury. It was not shown, nor was there any offer to show, that her husband either acted or was authorized to act as her agent in making this new agreement. It was not denied, but accepted as true, that appellee had an equitable interest in the land to the extent of $3000, besides her homestead and dower rights. Had there been any evidence given or offered tending to prove that under the new

agreement appellant, instead of paying the $3000 to appellee, was to pay and did pay it to extinguish the judgment liens, and that in lieu thereof appellee was to receive and did receive said $3000 from Bartmees and German, the principal debtors in the judgments, and that appellee, though not a party to this agreement in the first place, afterward acquiesced in it, and on being informed of it ratified it by receiving said $3000 from Bartmees and German, the case would stand here very differently. But such was not the nature of the defense. The mere fact that the husband directed his debtors, Bartmees and German, to pay to his wife, the appellee, debts which they owed to him, would be no defense to this action against appellant for the recovery of the moneys which he had promised to pay her. As we understand the record, appellant disclaimed any intention or expectation of showing any connection whatever of appellee with said new agreement, or anything done under or in pursuance of it.

While the case seems to have some elements of hardship in it against appellant, they arise from his own negligence and from his undertaking to make use of the payment of moneys to third persons, without appellee's consent, to satisfy his promise of payment to her. It may well be that appellant supposed that whatever agreement he made with the husband was in legal effect made with the wife also, in respect to her interests. But such is not the law. There was no error in the exclusion of the proffered evidence.

Some criticism is made on the fourth and fifth instructions given on behalf of the plaintiff, to the effect, generally, that they are argumentative,—in what respect, however, is not pointed out. Observing no substantial defect in these instructions we cannot reverse a judgment on criticisms of this character.

The further point is made that appellee's counsel, in closing the argument to the jury, improperly said: "Had it not been for the defendant's conduct in keeping that

deed she would have been there to-day in possession of her home. By his avaricious conduct she now has no home." It is not made to appear in what connection this language was used, nor does it appear that any ruling of the court was excepted to by the defendant. But if there had been, we cannot, under the circumstances, say that there was any such impropriety in this language as to justify the reversal of the judgment. While it is the duty of the court to see to it that no advantage is obtained by improper remarks of counsel made to or in the presence of the jury, still counsel cannot be put into a straight-jacket when making their arguments, but within reasonable bounds of propriety must be left to their own discretion.

The judgment of the Appellate Court must be affirmed.

*Judgment affirmed.*