(76 N. W. Rep. 986.)

---

MARY KRUMP *vs.* FIRST STATE BANK OF HANKINSON.

Opinion filed October 14th, 1898.

**Money Obtained by Fraud—Action to Recover.**

> An action may be maintained to recover back money obtained by fraud and under circumstances which, in equity and conscience, require that it should be repaid.

**Evidence.**

> Evidence examined. *Held,* that the facts do not entitle the plaintiff to recover.

**What Constitutes Payment.**

> Where K. and H. ship and sell a car of grain to one B., in which each has a half interest, B.'s check, sent to H. and payable to him, in payment therefor, it going to protest, does not affect the debt B. owes to K. and H.

Appeal from District Court, Richland County; *Fisk, J.*

Action by Mary Krump against the First State Bank of Hankinson to recover money alleged to have been paid under duress and through fraud. Judgment for defendant on a directed verdict. From the judgment and order overruling a motion for a new trial, plaintiff appeals.

Affirmed.

*Freerks & Freerks,* for appellant.

*W. E. Purcell* and *Chas. E. Wolfe,* for respondent.

YOUNG, J. This is an action to recover from the defendant the sum of $206, alleged to have been obtained by it from the plaintiff by fraud, consisting of false representations, threats, and menaces.

Upon the trial of the case, at the close of plaintiff's evidence, defendant, upon its motion, obtained a directed verdict. Plaintiff moved for a new trial, upon a settled statement of case, which was denied, and judgment entered for defendant. Plaintiff, upon this appeal, assigns errors, which, for convenience of reference, we divide into two classes,—the first relating to the rulings of the trial Court upon the admission and rejection of evidence; the second to the'orders directing a verdict, the overruling of the motion for a new trial, and the order for judgment for defendant.

With the first class we have no difficulty, and need only say that a careful examination of the rulings complained of satisfies us that the appellant's assignments of error in that particular are not well founded. Her further assignments, however, require more extended consideration. While they are separately directed to the court's action in nonsuiting plaintiff at the close of her case, overruling the motion for a new trial, and ordering judgment, yet they are all resolved by a right answer to this question: Was the Court correct in directing a verdict for the defendant?

It appears that in 1896 the plaintiff had rented her farm near Hankinson to one Hilkie, upon shares, each receiving one-half of the grain grown upon it. As the grain was threshed in the fall, it was shipped without division, and the returns, when received, were divided equally between them, Hilkie attending to the shipments, and bringing to the plaintiff her share of the money as received from each individual shipment. About October 10, 1896, one car of this grain was shipped to Andrew H. Burke, at Duluth, who sent to Hilkie, in payment therefor, his check for $412 drawn upon the Marine National Bank of Duluth. This check, which was payable to Hilkie, was indorsed by him, and cashed at the First State Bank of Hankinson, the defendant herein. The check was worthless, and came back protested for nonpayment. Prior to the protest, however, Hilkie paid over to Mrs. Krump, the plaintiff, $206, being one-half of the money received from the defendant bank upon Burke's check. At the time Hilkie gave her this money, he exacted from her a promise that she would repay it in case the Burke check returned unpaid. Shortly after the check came back protested, Mr. Kinney, cashier of the defendant bank, called upon indorser, Hilkie; and together they went to plaintiff's residence, and she then paid to Mr. Kinney, for the bank, the $206 she had received from Hilkie for her share of the car of wheat shipped to Burke, the bank remitting one-half of the protest fee. At her request, it was then arranged that the bank should hold the protested check, and try and collect it from Burke, and, when collected, the proceeds were to be divided equally between plaintiff and Hilkie. Plaintiff alleged that she was induced to part with this money through the fraudulent acts, menaces, and threats of Kinney. After a careful consideration of the evidence and all the circumstances, and in the light of the legal obligations of the parties, we are of the opinion that these contentions are not supported.

Has the defendant $206 of the plaintiff's money which, "in equity and good conscience, it ought to repay?" That is the test. *Brand* v. *Williams,* 29 Minn. 238, 13 N. W. Rep. 42; *Bayne* v. *U. S.,* 93 U. S. 642; *Ela* v. *Express Co.,* 29 Wis. 611; *Byxbie* v. *Wood,* 24 N. Y. 607. We think not. Hilkie was liable to the defendant bank for the entire $412 received from it, one-half of which he had given to the plaintiff, and which she then had. Mrs. Krump was not only morally, but also legally, bound to repay Hilkie. In his presence, and with his presumed assent, she paid to Kinney, for the bank, the $206 she had received from Hilkie, thus discharging her liability to him by paying one-half of his liability to the bank. Had this adjustment not been made, the bank would have had its action against Hilkie for the $412, and Hilkie against the plaintiff for the $206 he had paid her, leaving this plaintiff at the end of two suits just where she is now.

Appellant contends that, if not permitted to recover from the bank she is the victim of a wrong without a remedy, inasmuch as the check was made payable to Hilkie, and she is in no way a party to it. This is not a correct conclusion. She and Hilkie were equal owners of the car of grain shipped to Burke. His worthless check did not constitute payment of the debt. They still retain their demand against the original debtor. The order of the lower court in directing a verdict is approved. Judgment affirmed. All concur. (76 N. W. Rep. 995.)