STATE *ex rel* GEORGE C. WILES *vs.* GOTTFRIED HEINRICH.

### Trial De Novo—Error Apparent on Face of Judgment Roll.

A motion to affirm a judgment, where appellants demand a trial of the entire case in this court, under section 5630, Rev. Codes 1899, which is upon the sole ground that the statement of case does not contain all of the evidence offered at the trial, will be denied, even though the statement is insufficient to authorize a retrial, when error is properly assigned in appellants' brief upon the judgment roll proper.

### Mandamus—How Reviewed.

Whether a mandamus proceeding, as to the manner of trial in the district court and retrial in this court, is governed by § 5630, Rev. Codes 1899, not determined.

### Appropriation for Schools—Clerk Hire.

That portion of § 652, Rev. Codes 1899, which provides that "in counties having sixty schools the board of county commissioners shall appropriate one hundred dollars for clerical assistance in the county superintendent's office and five dollars for each additional school to be paid monthly. * * *" construed. *Held,* that the appropriation required to be made by said section is not for the personal benefit of superintendents, but is to create a fund to pay the county's obligation to such clerks as shall be lawfully employed in that office. *Held,* further, that said section does not make county superintendents custodians of such funds, or authorize them to audit the accounts of clerks which are to be paid therefrom. Such accounts are to be audited and paid the same as other accounts, the amounts of which are not fixed by law.

### Relator Not Entitled to Sue Out Writ.

The trial court found that the relator during his incumbency of the office of superintendent of schools had clerical assistance in his office; that the county made no appropriation therefor, and has not paid the clerks so employed, but that they were paid by the relator from his individual funds,—and, as a conclusion of law therefrom, found that the relator was entitled to a peremptory writ of mandamus, requiring the county commissioners to appropriate and pay to him the amounts due for such clerk hire. *Held,* that the conclusion is erroneous, for the reason that no clerk hire was due to relator, but, on the contrary, that, if any legal liability rested upon the county, it was to the clerks so employed; that such obligation still exists, and was not discharged by his unauthorized payments; further, that to permit a recovery by the relator would subject the county to a double liability.

### Costs of Unnecessary Printing on Appeal.

Appellants, although successful in this court, are not entitled to recover for printing unnecessary and useless matter in their abstract. In this case their recovery for printing is limited to the 20 pages which contain the record on the questions which are properly presented for review.

Appeal from District Court, McIntosh County; *Lauder,* J.

Application by the state, on the relation of George C. Wiles, for a writ of mandamus to Gottfried Heinrich and others, board of county commissioners of McIntosh county. Writ granted, and the board appeals. Reversed.

*A. W. Clyde, State's Atty.,* and *Morrill & Engerud,* for appellants.

The remedy by mandamus is based exclusively on the necessity that may exist in extraordinary cases for the administration of a specific remedy in order to obviate a failure of justice. The doctrine of necessity inheres in the remedy. It cannot properly be called into use unless it becomes necessary to apply it to the particular case in question. It cannot properly be administered as a cumulative remedy, or to control the administration of law in the ordinary course, by the appointed officers. Section 6110, Rev. Codes; 2 Bailey, Jurisdiction, § § 561, 563, 567, 573, 638 and 654; *State* v. *Wenzel,* 75 N. W. Rep. 580; *Territory* v. *Cole,* 3 Dak. 306; *Oliver* v. *Wilson,* 8 N. D. 594; *Territory* v. *Nowlin,* 3 Dak. 354; *State* v. *Carey,* 2 N. D. 45; *Kaeppler* v. *Pollock,* 8 N. D. 60; High on Ex. Rem. § § 338, 343, 345, 347. Where no injury will result from delay in the performance of the act sought to be enforced, where the right or duty is doubtful, the relator has slept on his rights or special circumstances render it inadvisable, courts refuse the writ. *Territory* v. *Wallace,* 1 N. D. 86; *Oliver* v. *Wilson,* 8 N. D. 594, 14 Am. & Eng. Enc. L. 97, and notes; High on Ex. Rem. 300; 2 Bailey, Jurisdiction, § § 569, 571, 587. The courts can compel the commissioners to decide a question, but cannot tell them how to decide it. 14 Am. & Eng. Enc. L. 98. The commissioners decision, if erroneous, can only be corrected by appeal. Section 1924, Rev. Codes; *Taubman* v. *Commissioners,* 84 N. W. Rep. 784; *Tillotson* v. *Potter Co.,* 71 N. W. Rep. 754; High on Ex. Rem., § § 345, 347. The case is not similar to one where the law fixes the amount of the claim and the commissioners sit only as auditors for the county. *Barrett* v. *Stutsman Co.,* 4 N. D. 175. In making appropriations for a given purpose to be expended in the future, the law vests in them power to decide the facts which determine the amount of or necessity for an appropriation. If their decision is erroneous an appeal lies. Section 1927, Rev. Codes. The commissioners can make no appropriation to a purpose not provided for by tax levy. Commissioners can levy taxes at July meetings only. Section 1228, Rev. Codes. The duty of the commissioners, under § 652, Rev. Codes, is to make appropriation for clerk hire. The amount to be expended is limited to what they appropriate for that year. If there is no appropriation there is no clerk hire. *Herron* v. *Lyman Co.,* 78 N. W. Rep. 996. There has been no demand for the performance of the act required. This is a fatal jurisdictional defect. Mandamus will not issue until after demand and refusal to do the act required. Sections 2626, 2630, Rev. Codes. Relator's application must affirmatively show every jurisdictional

fact. 14 Am. & Eng. Enc. L. 106, 141; 2 Bailey, Jurisdiction, 590 and 563a. The writ should be refused because of unreasonable delay in applying for it. 14 Am. & Eng. Enc. L., 107; High on Ex. Rem., § 30b.

*Wishek & Guy* and *Herreid & Williamson,* for respondent.

When there are sixty schools in a county the law imperatively commands an appropriation. The commissioners have no discretion, they must act upon existing facts. *Roberts* v. *U. S.,* 20 Sup. Ct. Rep. 376. A demand was not a conditional prerequisite, the law commanded the commissioners to make the appropriation. Section 652, Rev. Codes; *Heintz* v. *Moulton,* 64 N. W. Rep. 135.

YOUNG, J. The defendants who constitute the board of county commissioners of McIntosh county, appeal from a judgment of the district court of said county awarding a peremptory writ of mandamus commanding them, as such board, to appropriate from the general fund of said county and pay to the relator the sum of $692 as and for money expended by him for clerical assistance in the office of county superintendent of schools of said county. The relator bases his right to such appropriation and payment upon the following provision contained in § 652, Rev. Codes 1899: * * * In counties having sixty schools the board of county commissioners shall appropriate $100 for clerical assistance in the county superintendent's office, and $5 for each additional school, to be paid monthly. * * *" This proceeding was instituted by the relator on January 7, 1901,— the day upon which his term of office as county superintendent expired. His affidavit, the allegations of which are embodied in the alternative writ, in substance states as grounds for relief that during the years 1897, 1898, 1899, and 1900 he was the duly elected, qualified, and acting county superintendent of schools in and for McIntosh county; that the defendants constitute the board of county commissioners for said county; that during the years above named there were in said county the following number of schools under the official supervision of the relator, to-wit: In 1897, 71 schools; in 1898, 72 schools; in 1899, 78 schools; in 1900, 83 schools; that the defendants have failed, refused, and neglected to appropriate any sum of money whatever for clerical assistance in the county superintendent's office of said county during any of said time; that the amount required by law to be appropriated during said period was $717; that during said period relator had clerical assistance in his office; that, by reason of defendants' failure and neglect to make the appropriation therefor, the relator was compelled to, and did, pay for such clerical assistance from his individual funds. In answer to the allegations of the alternative writ, the defendants deny that there were during the years in question the number of schools alleged by the relator, and deny that there were during said years 60 schools or more in said county in which school was taught for three months or more, or at

all. They also deny that relator needed any clerical assistance in his office during said period. They further deny that he employed any clerical assistance in said office, or had paid any sum whatever for such assistance; and they allege that at no time during said period did the relator advise defendants that clerical assistance was required in said office, or that he was entitled to the same by reason of the number of schools in said county. The answer further alleged that on the 7th day of January, 1901, the relator filed with the county auditor of McIntosh county a demand for the identical appropriation which he seeks to obtain in this proceeding; that before an opportunity was given to act upon said demand the relator commenced this action; that no evidence was presented to the defendants in support of said demand, and that on the 25th day of January, 1901, the same was rejected by the defendants; that on the 23d day of February, 1901, the relator duly appealed to the district court of McIntosh county from the decision of the defendants rejecting said demand, said appeal is now of record and still pending before said court, involving the identical claim which is involved in this proceeding. The answer further alleges that during the years named the relator was engaged in private business other than the discharge of his official duties as superintendent of schools, and that whatever clerical assistance had been employed by him during said years was employed by reason of such other business. A jury was impaneled to try the issues made by the alternative writ and the defendants' answer. After a portion of the testimony was introduced, by stipulation of counsel the jury was discharged. After the introduction of further testimony the case was submitted to the court for determination. The trial court found the facts to be substantially as set out in the alternative writ, and, as a conclusion of law, found that the relator was entitled to a peremptory writ of mandamus requiring and commanding the defendants to forthwith appropriate and pay to the relator the sum $692 for clerical assistance, and to a judgment for his costs and disbursements. From the judgment entered in accordance therewith the defendants have appealed to this court, and in a settled statement of the case, purporting to include all of the evidence offered at the trial and proceedings had, have demanded a retrial and review in this court of the entire case. The statement also contains specifiacations of 16 alleged errors, 10 of which are based upon rulings on the admission of evidence, 4 upon certain orders, 1 upon the court's conclusions of law, and 1 upon the insufficiency of the evidence to sustain the findings.

A motion was presented by counsel for respondent to affirm the judgment in his favor upon the ground that the statement of the case, wherein the appellants have demanded a retrial and review of the entire case in this court, does not contain all of the evidence offered. An examination of the statement makes it evident that it was settled with a view to securing a retrial of the entire case under § 5630, Rev. Codes 1899. It contains the statutory demand for a re-

trial, and attached to the statement is the certificate of the trial judge to the effect that it contains all of the evidence offered at the trial. We find, however, that a large amount of testimony, both oral and documentary, has been entirely omitted from the statement. Upon this state of facts, under the repeated decisions of this court, we are without authority to accord to appellants the review and retrial which they demand. Not only are we unable to accord a retrial, but we are also unable to review the errors specified in the statement which relate to the elicitation of evidence. Upon appeals taken under § 5630 Rev. Codes 1899, this court does not sit for the correction of errors. On the contrary we are required to try the case anew on all the evidence offered, and objections to evidence can only be considered in connection with a new trial of the facts. *Shepard* v. *Stangler, 7* N. D. 102, 72 N. W. Rep. 1089; *Erickson* v. *Bank, 9* N. D. 81, 81 N. W. Rep. 46. Whether any of the other errors specified are reviewable, we need not determine. It is a debatable question whether a mandamus proceeding comes under the provisions of § 5630, as to the manner of trial and appeal. *Mooney* v. *Donovan, 9* N. D. 93, 81 N. W. Rep. 50. Both parties have assumed that it was governed by the provisions of said section, which, in terms, at least, relate to the trial of civil actions tried to the court without a jury. The question not being urged, we express no opinion upon that point, but reserve the same for future determination, when we shall have the aid of counsel, and shall assume, for the purposes of this decision, that the proceeding was triable under said section. Notwithstanding the fact that the statement is defective and insufficient in the particulars urged by counsel for respondent in their motion, yet we are unable to grant their motion to affirm the judgment.

We still have before us the judgment roll proper, after eliminating from consideration the defective statement. Error is predicated thereon, and the same is presented to us for review by a proper assignment in appellants' brief. The single error assigned upon the statutory judgment roll is that "the conclusion of law and judgment are not justified by the findings of fact." The conclusion of law made by the trial court which is assailed by this assignment of error is that the relator is entitled to a peremptory writ of mandamus requiring the defendants to appropriate and pay to him the sum of money in question as and for clerical assistance in the county superintendent's office during the years named. The question presented is whether the facts found authorize this conclusion. We are of opinion that they do not. Briefly stated, the facts upon which the judgment rests are that during relator's term of office there were a sufficient number of schools under his supervision to authorize and require the county commissioners to make an appropriation for clerical assistance in his office in the sum of $692; that defendants did not make such appropriation; that the relator had clerical assistance in his office, and paid for such clerical assistance from his own funds, and payment therefor has not been made by the county either to the

person rendering the service or to the relator. It is urged by counsel for appellants that, upon the facts of this case, the remedy by mandamus was not available to the relator as a means of securing the relief demanded. The condition of the record, as we have seen, precludes an examination of the evidence, and the findings do not present the facts which appellants rely upon to defeat the remedy here invoked. Our views upon that question will be found in *State* v. *Albright*, 11 N. D. 22, 88 N. W. Rep. 729.

It is also urged that, even if the remedy by mandamus was proper, it was abandoned by the relator by appealing to the district court from the action of the county commissioners rejecting his claim; and it is also urged that, in the absence of a previous appropriation for clerical assistance, the employment of clerks in his office was without authority of law, and created no legal obligation against the county. On these propositions we find it unnecessary to express an opinion. We base our conclusion upon the broad ground that the facts found and previously stated do not establish a legal obligation in relator's favor against the county. In other words, we are of opinion that, had the facts here found been established in an ordinary civil action, a judgment against the county in relator's favor could not be sustained. In this view, the question as to remedy is unimportant. The relief which the relator seeks in this proceeding, and which is awarded to him by the judgment apealed from, is the recovery of the sum $692. It is patent that this recovery can be sustained only upon the ground that the county owes a legal obligation to pay the relator said sum. The grounds upon which counsel for relator seek to sustain the recovery are not clear. It would seem, however, to be their contention that the statute which requires county commissioners to appropriate moneys for clerical assistance in the superintendent's office when there are the requisite number of schools also requires that such moneys be paid directly to the superintendent, to be expended by him in his discretion; in other words, that he is made the custodian of the funds so appropriated, and is vested with authority to disburse the same, and also with authority to audit and allow or reject accounts of persons rendering clerical assistance in his office. We find no language in the statute which will warrant this interpretation. It is true, under the section referred to, county commissioners are required to make an appropriation for clerical assistance for county superintendent's offices when there are the necessary number of schools. It is not a matter of discretion with them, as in the case of clerks and deputies for county auditors, registers of deeds, treasurers, county judges, and clerks of district courts. See § § 2063, 2069, 2074, 2078, 2081, Rev. Codes 1899. The fact, however, that the county commissioners are required to make the appropriation for clerical assistance does not authorize the inference that it is to be paid to the superintendent, and that he, instead of the county treasurer, is made the custodian of the funds, or that he, instead of the county commissioners, is to audit and allow the ac-

counts for clerical assistance. The appropriation is to pay for clerical assistance, and is to .be paid monthly. It is not to compensate the superintendent for services. His salary is provided for elsewhere in. the same section. When clerks are lawfully enployed in his office, the legal obligation to pay them for the services rests not upon the superintendent, but upon the county, and the same is to .be paid from the funds appropriated for that purpose. The demands of clerks so employed are not fixed by law, and could ·not, therefore, be audited and paid by the county auditor, as in the case of salaries. Section 1974, Rev. Codes 1899. The board of county commissioners have the general superintendence of the fiscal affairs of the county, and . constitute a board of audit for all claims and demands against their counties, the amounts of which are not fixed by law. Sections 1907, 2626-2630, Rev. Codes. 1899. Such accounts are paid upon warrants signed by the chairman of the board of county commissioners, and attested by the county auditor (§ § 1899, 1974, Rev. Codes 1899), and not upon warrants issued by the county auditor, as in the case of salaries. It would require plain language to warrant the conclusion that the legislature intended to except claims for clerk hire in the office of county superintendents from the general provisions governing the auditing of claims against counties and the disbursement of county funds. No such language is contained in the statute in question, ·or language from which such an interpretation can be inferred. It is apparent, therefore, that the fact that there were a sufficient number .of schools to require an appropriation for clerk hire, and that clerks were employed in the relator's office during said period, and that the county has not paid them for their services, does not establish an obligation·on the part of the county to pay the relator. The obligation of the county, if clerks were lawfully employed, is to pay such clerks for their services. That obligation, if it ever existed, still exists, and payment to the relator would not discharge such obligation. .The relator claims that he has discharged the obligation of another; that is, by paying the clerk from his own funds he has relieved the county from making such payments. The exact reverse is true. He was not the agent of the county in making the payments. His acts were not authorized by law. They were the acts of a stranger. The law is well settled that "payment by a stranger, between whom and the defendant there is no privity, cannot be pleaded by the latter in bar of a suit for his own debt." *Bleakley* v. *White,* 4 Paige, 654; *Atlantic Dock Co.* v. *Mayor, etc., of New York,* 53 N. Y. 64; *Muller* v. *Eno,* 14 N. Y. 605; *Daniels* v. *Hallenbeck,* 19 Wend. 407; *Clow* v. *Borst,* 6 Johns. 36; *Goldstein* v. *Smiley,* 168 Ill. 438, 48 N. E. Rep. 203. As has been said, whatever legal obligation arose against the county through the employment of clerks in the relator's office was due to the clerks so employed. It appears from .the findings that these obligations have not been discharged, and are still enforceable demands against the county. The relator was not

authorized to make disbursments on behalf of the county. Upon the facts found, the county's liability is to the clerks, and to permit the plaintiff to recover would be to subject the county to a double liability. This cannot be permitted, and is not warranted by any legal principle with which we are familiar.

It follows from what we have said that the trial court erred in awarding the relator the peremptory writ. The judgment of the district court is reversed. The appellants will not be permitted to recover the costs of printing the abortive statement of the case. They will be allowed for 20 pages of the printed abstract, and no more. All concur.