(103 N. W. 412.)

---

THE COUNTY OF DICKEY v. W. E. HICKS.

Opinion filed February 4, 1905.

**Schools — County Superintendents — Salaries.**

1. Schools in special districts are not under the official supervision of county superintendents, and are not to be taken into account in

computing their salary, under section 652, Rev. Codes 1899, following Dickey County v. Denning, 103 N. W. 422.

**Payment Under Mistake — Recovery.**

2. To authorize a recovery of money paid under mistake, it must appear that the plaintiff has not received the equivalent contemplated by the payment, and that it is against conscience for the defendant to retain it.

**County Superintendents — Clerk Hire.**

3. The county auditor of Dickey county, in good faith, but without authority of law, included in the defendant's monthly salary warrants the amounts which were due from the county to the clerks employed in his office. It was stipulated, and the trial court found, that defendant paid said clerks amounts in excess of those received from the county; that the sums paid were the reasonable value of their services; that their services were necessary; and that such payments were accepted by the clerks "as a complete discharge and satisfaction for the work done by each." *Held,* that a recovery by the county of the money thus paid to the defendant (its obligation to the clerks having been discharged) cannot be sustained.

Appeal from District Court, Dickey county; *Lauder,* J.

Action by the County of Dickey against William E. Hicks. Judgment for plaintiff, and defendant appeals.

Modified.

*F. B. Morrill* and *E. E. Cassels,* for appellant.
*George T. Webb,* for respondent.

YOUNG, J. This action was brought by Dickey county to recover certain alleged overpayments on defendant's salary as county superintendent of schools, also certain sums paid to him for clerk hire, all of which payments were made during his term of office and between April 27, 1897, and January 6, 1903. The defendant admits in his answer that he was paid the several amounts stated in the complaint, but alleges, in substance, that the amounts paid as salary were lawfully due, and that the amounts which he received for clerk hire were to reimburse him for moneys which he had necessarily expended in employing clerical assistance in his office. The case was tried to the court without a jury, and all of the facts were stipulated. As a conclusion of law the trial court found that the plaintiff was entitled to judgment for the full amount demanded. From the judgment entered in pursuance thereof the defendant has

appealed, and assigns as error that the facts do not warrant the conclusion and judgment.

The several items for which plaintiff was given judgment are of two kinds: (1) Alleged overpayments on salary; and (2) alleged unlawful payments for clerk hire. These we will consider in their order.

The findings show that the defendant drew a salary during his entire term of office which was based upon an enumeration of the schools in his county, which included the schools and departments of schools in the special school districts of the city of Oakes and the city of Ellendale. It is conceded that if these schools should not have been included in the computation the amount awarded for overpayment on salary is correct. Counsel for plaintiff contend that the inclusion of these schools was without authority of law, and we agree with this contention. Section 652, Rev. Codes 1899, provides a graduated salary for county superintendents corresponding to "the actual number of schools or separate departments of graded schools over which such superintendent had official supervision during the preceding year." Section 639, Rev. Codes 1899, expressly excepts schools in special districts from the general superintendence of county superintendents. This particular question was involved in Dickey County v. Denning, in which the opinion has just been handed down, and we hold that schools in special districts are not under the "official supervision" of county superintendents. It follows that the award for overpayment on salary was proper.

The findings further show that the county auditor in issuing to the defendant his monthly salary warrants included in each an additional sum for clerk hire. Counsel for the county contend that the county auditor was not authorized to pass upon claims for clerk hire and to make payments therefor either to the defendant or direct to clerks, and that the obligation of the county was to the clerks, and not to the defendant in whose office they were employed. That this is a correct statement of the auditor's authority and the county's liability is sustained by State v. Heinrich, 11 N. D. 31, 88 N. W. 734. It is upon this basis that the county claims the right to recover the various sums paid to the defendant for clerk hire as money paid under mistake. The authority for the employment of clerks is contained in section 652, Rev. Codes 1899. So far as pertinent it reads as follows: "In counties having sixty schools the board of county commissioners shall appropriate one

hundred dollars for clerical assistance in the county superintendent's office and five dollars for each additional school, to be paid monthly; provided, that not more than six hundred dollars shall be appropriated for clerical assistance in any one year." It was stipulated, and the trial court found, that Dickey county had the requisite number of schools to require an appropriation and authorize the employment of clerks under this section; that the defendant employed clerks in his office; that the clerks so employed were necessary; that the defendant paid them for their services amounts in excess of the amounts included in his salary warrants; that the sums so paid were the reasonable value of their services; that it was "understood by all the county officers who had to do therewith and by this defendant, as well as the persons employed by him for such clerical assistance," that this method and manner of making payment was in accord with the statute, and that said clerks "accepted pay for their services from the defendant as a complete discharge and satisfaction for the work done by each." Do these facts entitle the plaintiff to recover as for money paid by mistake? We are agreed that they do not. In such cases a recovery is not a matter of strict legal right. The question always is this: Has the defendant money of the plaintiff which "in equity and good conscience he ought to repay?" See Krump v. Bank, 8 N. D. 75, 76 N. W. 995, and cases cited. The rule which measures the right of recovery is well stated in Keener on Quasi Contracts, 43, as follows: "To entitle the plaintiff, who has paid money under mistake, to recover the money so paid, he must not only prove that he has paid the money without receiving the equivalent contemplated by him, but he must, in addition thereto, prove that it is against conscience for the defendant to retain the money so paid." Tested by this rule, it is apparent that the plaintiff is not entitled to recover. The money which the county seeks to recover was paid to the defendant for the purpose of discharging its liability for clerk hire in his office. That the county was liable to these clerks for the reasonable value of their services is admitted. The county has stipulated, and the trial court found, that the clerks received their pay from the defendant "as a complete discharge and satisfaction for the work done by each." It is also stipulated and found that the amounts so paid were the reasonable value of these services, and that the services were necessary. These facts do not show a right of recovery; for the county has received the equiva-

lent contemplated by the payment of this money which it seeks to recover; that is, the discharge of its obligations for clerk hire. A recovery on this state of facts would be unconscionable. It would permit the county to possess itself of the money with which it has discharged its obligation for clerk hire, and thus is relieved from its admitted obligation without the payment of any sum whatever. The case of State v. Heinrich, supra, cited by counsel for plaintiff, does not sustain a right of recovery upon the present state of facts. In that case the county's liability for clerk hire has not been discharged as in this case, and it was further denied that any liability to the clerks existed.

The district court is directed to modify its judgment by striking out the amount awarded for payments made to the defendant for clerk hire, and as thus modified the judgment will be affirmed. Appellant will recover costs in this court.

MORGAN, C. J., concurs. ENGERUD, J., having been of counsel, took no part in the decision of the case.