[File No. 6670.]

H. W. LYONS, Respondent, v. OTTER TAIL POWER COMPANY, Appellant.

(297 N. W. 691.)

682

*C. S. Buck, Jr.,* and *Field & Field,* for appellant.
*A. W. Aylmer,* for respondent.

BURKE, J.   Plaintiff brought this action for the rescission of an executed contract, for an accounting and for restitution of the consideration parted with by him in the performance of the contract.   Defendant demurred to plaintiff's complaint and the appeal is from the order overruling the demurrer.

It is alleged in the complaint that plaintiff erected a building in Jamestown in 1926; that while said building was in the course of construction plaintiff entered into negotiations with the defendant Otter Tail Power, Company, a public utility, to secure an extension of defendant's steam heat mains to his new building; that as a result of such negotiations plaintiff and the defendant entered into the following contract:

*"Agreement*

"This Agreement made this 3rd day of April, 1926, by and between H. W. Lyon and the Otter Tail Power Company, both of Jamestown, North Dakota, Witnesseth:

"The Power Company agrees to extend its heating main from the present location at Fourth Avenue and Pacific Street to Mr. Lyon's new garage, located south of the Masonic Temple.   It is agreed that the steam heat main will be run to the inside of the basement at the North East corner of the building.

"The Power Company agrees to make this installation not later than August 15, 1926.

"H. W. Lyon agrees to pay to the Otter Tail Power Company Nine Hundred Seventy-six Dollars ($976.00) when the main is laid.

"It is understood that the payment of Nine Hundred Seventy-six Dollars ($976.00) is for the .purpose of obtaining service and that the pipe line installed is the property of the Otter Tail Power Company

and any assessments or taxes levied against this property shall be paid by the Otter Tail Power Company, and said property shall be maintained in condition by the Power Company.

"In Witness Whereof on the day and year first above written, the parties have hereunto set their hands and seals.

"H. W. Lyons,
"Otter Tail Power Company,
"By C. S. Kennedy,
"Vice Pres. and Gen. Mgr."

It is further alleged that this contract was not approved by or filed with the Board of Railroad Commissioners and was therefore unlawful under the provisions of § 4609c16, Supplement to the Compiled Laws of North Dakota 1913; that at the time of the execution of said contract and the performance thereof plaintiff was unaware that it was unlawful; that the defendant falsely and fraudulently represented to the plaintiff that there was no other way in which plaintiff could secure said extension except by paying to defendant the sum of money specified in the contract; that the defendant knowing said contract was unlawful, fraudulently concealed that fact from the plaintiff and that plaintiff relying upon the false representations of the defendant and relying upon defendant's duty as a public utility to treat honestly and fairly with its customers made and performed said contract under a mistake of law which was deliberately fostered by the defendant.

The statute relied on by plaintiff is as follows:

*"Unreasonable preferences or advantages; rebates, drawbacks, etc.* It shall be unlawful for any public utility corporation subject to the provisions of this Act to make or give any undue or unreasonable preference or advantage to any particular person, company, firm, corporation or locality or any particular character of traffic or service in any respect whatsoever, or to subject any particular person, firm, corporation, company or locality or any particular character of traffic or service to any undue or unreasonable prejudice or disadvantage in any respect whatsoever. No public utility corporation subject to the provisions of this Act shall, directly or indirectly, by any special rate, rebate, drawback or other device or method, charge, demand, collect, charge or receive from any person, firm or corporation a greater or less compensation for any service rendered or to be rendered than he charges, de-

mands, collects or receives from any other person, firm or corporation for doing a like and contemporaneous service under the same or substantially similar circumstances and conditions.

"Nothing in this Act shall prohibit a public utility from entering into any reasonable agreement with its customers, consumers or employees, or for providing for a sliding scale of charges, unless the same is prohibited by the terms of the franchise or permit under which such public utility is operated. No such agreement or sliding scale shall be lawful unless and until the same shall be filed with and approved by the Commissioners. (Laws 1919, chap. 192, § 16.)"

Defendant contends that this statute is not applicable to contracts such as the one here under consideration, asserting that it relates only to contracts made by a utility with its customers and that plaintiff was neither defendant's customer nor a consumer of its products at the time the contract was made. Clearly the purpose of the statute is to protect the public both collectively and individually against discrimination by a utility, whether it be unfair to the public by giving an individual preferred treatment or whether it be unfair to the individual by demanding and securing exorbitant fees as a condition of furnishing service. To that end the Board of Railroad Commissioners is given supervisory control over all contracts which a utility makes with its customers. Ordinarily a customer is "one who has had repeated business dealings with another." Webster's International Dictionary, 2d ed. In that sense of the word plaintiff had not been a customer of the defendant prior to the questioned transaction, but by making and performing this contract, plaintiff would have become the customer of the defendant, committed by his investment to continuous future business dealings with it. In view of the purpose of the statute it is equally as important that it should apply to contracts by which one becomes a customer as well as to contracts with one who had previously been a customer and we have no doubt that such was the intention of the legislature. The contract therefore, not having been approved by and filed with the Board of Railroad Commissioners, was unlawful by express statutory declaration.

Section 7206 Compiled Laws of North Dakota 1913, provides:

"The rescission of a written contract may be adjudged on the application of a party aggrieved:

"1. In any of the cases mentioned in § 5934; or

"2. *When the contract is unlawful for causes not apparent upon its face and the parties were not equally in fault; or,*

3. When the public interest will be prejudiced by permitting it to stand."

In the complaint in this action, entirely aside from his allegations of fraud, plaintiff has clearly alleged the payment of money in innocent and mistaken reliance upon an unlawful contract. The contract was unlawful because of a failure to comply with a statutory provision which was enacted for the benefit of a class to which plaintiff belonged and for the regulation of a class to which defendant belonged. Plaintiff therefore under the facts alleged was not equally in the wrong with the defendant. Woodward, Law of Quasi Contracts, 217; Williston, Contracts, Rev. ed. § 1789, n7; 12 Am. Jur. p. 735. Further, the contract is unlawful for causes which are not apparent upon its face. Plaintiff, therefore, has stated a cause of action for rescission under the second subdivision of § 7206, supra.

Defendant contends, however, that plaintiff cannot recover because he has not alleged in his complaint that he has restored or offered to restore the benefits he has received under the alleged unlawful contract. Plaintiff received an extension of defendant's steam heat mains to his property. Under 'the terms of the contract the extension remained the property of the defendant. The plaintiff received no benefit other than having defendant's steam heat service made available to his building. It is impossible therefore for plaintiff to restore the benefit which he has received as a result of defendant's performance. This fact, however, does not bar though it may restrict plaintiff's right to restitution. That is, plaintiff's measure of recovery is limited to that amount of the consideration paid by him which the defendant in equity and good conscience ought not be permitted to retain. Woodward, Law of Quasi Contracts, § 24; Dickey County v. Hicks, 14 N. D. 73, 103 N. W. 423. If as a result of defendant's performance plaintiff has received a benefit to which he was not entitled as a matter of right, as a consumer located in territory which defendant had undertaken to serve, defendant may plead and prove the value of that benefit and plaintiff's recovery would be limited to the difference between the value of the benefit conferred and the value of the benefit

received. Woodward, Law of Quasi Contracts, § 24; Williston, Contracts, Rev. Ed. § 1460A, n20. This conclusion is in conformity with § 7208, Compiled Laws of North Dakota 1913, which provides: *"Compensation may be required.* On adjudging the rescission of a contract the court may require the party to whom such relief is granted to make any compensation to the other which justice may require."

The order overruling the demurrer to plaintiff's complaint is sustained.

MORRIS and NUESSLE, JJ., concur.

BURR, Ch. J. (dissenting). I dissent. The unreasonable preferences, advantages, rebates, drawbacks, etc., referred to in § 4609c16 of the Supplement apply to advantages obtained by the plaintiff and others similarly situated; thus placing upon such the duty of securing approval upon the plaintiff, as well as upon the utility company. The law construed is intended to prevent a customer and consumer from getting an advantage to the detriment of other customers as well as to prevent the utility company from taking advantage of the necessities of a customer. It was as much the duty of the plaintiff to submit this contract to the commission for its approval as it was the duty of the defendant. There is nothing in the complaint to show the defendant deceived or defrauded the plaintiff or in any way prevented him from getting the approval of the commission. He entered into the contract voluntarily; and clearly the transaction was initiated by him, for it was for his benefit. The contract was fully executed years ago.

The statute cited, § 7206 of the Compiled Laws, is not applicable here. If there was fault, invalidating the contract, the parties were equally in fault.

Under the complaint there is no suggestion that § 7206 of the Compiled Laws is applicable, or that the action is brought under that section. Clearly, the plaintiff proceeds under the theory of fraud, and no fraud is shown.

CHRISTIANSON, J. (dissenting). I dissent. In my opinion the com-

plaint in this case does not state facts sufficient to constitute a cause of action, and the order overruling the demurrer to the complaint should be reversed.