[File No. 6849]

H. W. LYONS, Respondent, v. OTTER TAIL POWER COMPANY, Appellant.

(11 NW(2d) 124)

Opinion filed October 6, 1943

*Chase & Buck* and *Field & Field,* for appellant.

*A. W. Aylmer,* for respondent.

BURKE, J. In a former appeal in this case this Court affirmed an order of the District Court overruling a demurrer to plaintiff's complaint. Lyons v. Otter Tail Power Co. 70 ND 681, 297 NW 691. In

our remittitur of that case to the District Court we directed that the costs of the appeal be taxed against the defendant. Subsequent to this decision, the defendant, pursuant to leave of the court, filed its answer and counterclaim. Thereafter, at the instance of the plaintiff, the District Court caused a judgment for the costs of the appeal to be entered against the defendant. Plaintiff then moved the court to strike defendant's counterclaim and defendant made a motion to vacate the judgment for costs. Both motions were decided adversely to the defendant and it has taken separate appeals from the respective orders. We shall direct our attention first, to the appeal from the order denying the motion to vacate the judgment for costs.

Upon this appeal the defendant concedes that it is liable for the amount of costs which were taxed but contends that under Rule 17 of this Court and § 7599, ND Comp. Laws 1913, the entry of judgment for such costs must await a final determination of the case on its merits. Rule 17 is as follows: "Taxation of Costs. In all cases originating in this court the costs and disbursements will be taxed by the clerk of this court. In other cases the costs and disbursements of both courts . . . shall be taxed in the District Court after the remittitur is there filed, and the amount as taxed shall be inserted in the judgment of the court below . . . ."

Section 7599 provides: "A judgment is the final determination of the rights of the parties in the action."

Defendant says that the word judgment in Rule 17 must be given the meaning set forth in § 7599 and that when so construed the rule prohibits the entry of separate judgments for costs.

We do not find that this Court has ever specifically construed Rule 17. In Gould v. Duluth & D. Elevator Co. 3 ND 96, 54 NW 316, without mentioning the rule, it sustained the validity of a separate judgment for costs on appeal. In that case the court said: (p. 103) "There are numerous precedents in other states for the entry of separate judgments for the costs and disbursements incurred in a court of review. It might happen, indeed, that a party who had prevailed in a court of review upon an appeal based upon some interlocutory order as was the case here, may be defeated, and judgment go against him at the end. In such case we do not see how the party who was awarded

his costs on the appeal could ever recover them, if he was not allowed to enter a separate judgment for such costs."

The personnel of the Court at the time of this decision was the same as at the time Rule 17 was originally adopted. See Rule 31 of the Original Rules, 3 ND XXI. While the rule was not mentioned, it must be presumed that the court made its decision with full knowledge of it and considered that this rule, in providing for one method of taxing costs, did not exclude all others in cases where the right to costs on appeal accrued prior to a determination of the case on the merits. Since the decision in Gould v. Duluth & D. Elevator Co. supra, the rule of this court and the statutes with respect to costs upon appeals have remained unchanged. The practice settled by that case has continued for fifty years and its propriety is no longer open to question. The order of the District Court denying the motion to vacate the judgment for costs is therefore affirmed.

Upon the second appeal the question is whether the trial court erred in striking defendant's counterclaim. As was held in Lyons v. Otter Tail Power Co. supra, plaintiff's complaint stated a cause of action for the rescission of an executed contract and for restitution of at least a part of the consideration parted with by him in his performance of the contract. The contract in question required the defendant to extend its heat mains to the plaintiff's property and required the plaintiff to pay to the defendant the sum of $976.00 for such extension. It was fully performed by both parties. We said the complaint alleged facts which, if true, made the contract unlawful and gave plaintiff the right to seek its rescission under subdiv 2 of § 7206, ND Compiled Laws 1913, which provides that a rescission may be adjudged upon the application of an aggrieved party "when the contract is unlawful for causes not apparent upon its face and the parties are not equally in fault." We also said the fact that plaintiff could not restore to the defendant the benefit he had received as a result of defendant's performance of the contract "does not bar though it may restrict plaintiff's right to restitution. That is, plaintiff's measure of recovery is limited to that amount of the consideration paid by him which the defendant in equity and good conscience ought not be permitted to retain. . . . If as a result of defendant's performance plaintiff has received a benefit

to which he was not entitled as a matter of right, as a consumer located in territory which defendant had undertaken to serve, defendant may plead and prove the value of that benefit and plaintiff's recovery would be limited to the difference between the value of the benefit conferred and the value of the benefit received." Lyons v. Otter Tail Power Co., 70 ND 681, 685, 297 NW 691, 693.

After the order overruling the demurrer to the complaint was affirmed, the defendant, with leave of the District Court filed an answer and counterclaim. The answer consists of a general denial and several affirmative defenses among which are allegations of facts tending to show: (1) that plaintiff was equally in the wrong with the defendant in entering into an unlawful contract, if the contract was unlawful, (2) that the amount collected by the defendant for the services extended to the plaintiff was less than what would have been reasonable in the light of defendant's valuation, its fixed rates and its net return upon its valuation and less than the value of the benefits conferred upon the plaintiff, (3) that plaintiff's claim is barred by the statute of limitations, (4) that plaintiff is barred from seeking recovery by the equitable doctrine of laches and (5) that plaintiff by reason of his acts in inducing defendant to extend its heat mains is estopped by the principles of equity from seeking the relief demanded in this action. The counterclaim begins with a statement that it is to be considered "in the event only that defendant's several defenses are not sustained and plaintiff should prevail upon the cause of action to rescind the contract. It realleges by reference the first six paragraphs of the answer. These paragraphs contain all of the allegations of fact which constitute defendant's defenses set forth specifically as (1) and (2) above. It then sets forth the amount expended by defendant in extending its heat main to plaintiff's property, alleges that the extension was made upon plaintiff's request, asserts that, in the event plaintiff recovers upon the cause of action alleged in the complaint, defendant will be damaged in the full amount of the money expended and demands judgment accordingly.

In view of the statement that the counterclaim is to be considered only in the event that defendant's several defenses be not sustained this pleading presents a paradox. That is to say, the facts which defend-

ant alleges in support of its several defenses are the same facts which it urges in support of its counterclaim. If the facts are found as alleged by defendant in its answer it will be entitled to a judgment of dismissal. In that event it does not want the counterclaim considered. On the other hand if the allegations of defendant's answer be found not to be the facts of the case and plaintiff is given a judgment upon his complaint, defendant does want its counterclaim considered. In other words defendant asks, that if the facts be decided against it upon its answer, and judgment go against it, that the same facts be reinvestigated upon a consideration of the counterclaim and it be granted judgment. In effect the counterclaim asks for contradictory findings and judgments in one case. It cannot logically stand. The order striking the counterclaim is therefore affirmed.

MORRIS, Ch. J., and NUESSLE, MORRIS J., concur.

CHRISTIANSON, J. (concurring specially.) I concur in Paragraph 1 of the syllabus and in that part of the opinion prepared by Judge Burke covered by the rule announced in Paragraph 1 of the syllabus. I agree that the answer does not set forth facts sufficient to constitute a counterclaim; but I do not agree with the construction placed upon the complaint in the decision on the former appeal or in the decision on this appeal.

BURR, J., agrees with the foregoing.